**SILVERMAN et al. v. SWIFT & CO. et al.**
**Civ. A. 3029.**

United States District Court
D. Connecticut.
Oct. 23, 1951.

---

James F. Rosen, Morris B. Strake, New Haven, Conn., for the plaintiff.

Charles A. Watrous, Martin E. Gormley, New Haven, Conn., for the defendants.

SMITH, District Judge.

This action was commenced in the Superior Court for New Haven County on July 26, 1950 by Sidney Silverman, a Connecticut citizen and resident, and John and Rose Groopman, New York citizens and residents, against Tofie A. George, John J. George, and John G. Wihbey, who are all citizens and residents of Connecticut, and against Swift & Company, an Illinois corporation.

The Complaint alleged negligence, misrepresentations and breach of warranty by Swift & Company and breach of warranty by the other defendants which caused the plaintiffs to contract trichinosis. On July 29, 1950, Swift & Company petitioned this court to remove the entire action from the state court on the grounds that there were separate and independent causes of action stated against it.

The facts alleged are briefly as follows: plaintiffs bought a loin of pork from the Connecticut defendants who were doing business as George's Market; the loin of pork was supplied to George's Market by Swift & Company; the plaintiffs cooked the pork, ate it, and shortly thereafter became afflicted with trichinosis.

Defendant Swift & Company, in its petition for removal, takes the position that this action states separate and independent causes of action against it, as distinguished from the cause of action asserted against the Connecticut residents. This petition is not supportable under the amended provisions of the removal statute, 28 U.S.C. § 1441(c). See Moore's Commentary on the Judicial Code: Sec. 0.03(37) n. 16. There is but one injury complained of by each plaintiff, i. e., the contracting of trichinosis. The liability asserted against the defendants is of a nature that would make them jointly and severally liable to the plaintiffs for their injuries, but this fact, without more, cannot support a claim that the action is separate and independent as to Swift. Since the amendments to the removal provisions of Title 28, the emphasis has been toward restricting rather than expanding removal. Title 28 U.S.C. § 1441(c), now provides that the entire action may be removed only if there is a separate and independent claim or cause of action stated against the non-resident defendant, using that as the standard rather than the "separable controversy" formula that was prescribed before the amendment.

The Supreme Court, in passing on this section in American Fire & Casualty

Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 540, 95 L.Ed. 702, reiterates its definition of cause of action that was stated in Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069. "A *cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."* Here there is but one right invaded for which each of the plaintiffs may be entitled to recover, the right to be free from the introduction of the trichinae into his body. It is immaterial that the injuries were due to several distinct acts of alleged negligence, misrepresentations or breaches of warranty, or to a combination of some or all of them. The only cause of action stated by each plaintiff is one for damages resulting from trichinosis and it makes no difference whether the acts or omissions which allegedly caused the disease were committed by one or all of the defendants, acting separately and independently of each other, or in concert with one another. The claims or cause of action of the plaintiffs against Swift are not, therefore, within the meaning of 1441(c), separate and independent from their claims or causes of action against the individual defendants.

Likewise, approaching the problem from another direction, if this case is considered as presenting three causes of action, one by Silverman against the defendants, and another by each of the Groopmans against the same defendants, the removal was not proper, even though the Groopmans' causes of action exhibit complete diversity of citizenship between the parties.

■ If the cause of action between either of the Groopmans on the one hand and Swift & Co. and the individual defendants on the other hand were brought in a federal district court originally, jurisdiction would exist by reason of complete diversity of citizenship. Were it brought in a state court originally, however, it would not be removable, for 1441(b) restricts removal of actions other than those founded on a claim of right arising under the federal Constitution, treaties or laws to cases in which no defendant properly joined is a citizen of the state within which the ac-

tion is brought. Here the individual defendants are Connecticut citizens.

Section 1441(c) requires that a separate and independent claim or cause of action, to be removable, be one that would be removable if sued on alone. Therefore, the separate and independent claims of the Groopmans are not removable under 1441 (c) since the Connecticut citizenship of the individual defendants would have made them non-removable if sued on alone.

The action must be remanded to the Superior Court for New Haven County, for there is no statutory basis for jurisdiction in this court over the removed action.

It is hereby ordered that this action be remanded to the Superior Court for New Haven County.