Vincetta **LA SALLE**, Administratrix of the goods and chattels and credits which were of Anthony La Salle, Deceased and Vincetta La Salle, Plaintiffs,

v.

The **FIRESTONE TIRE & RUBBER COMPANY**, and Bowes Seal Fast Corp., Defendants.

Civ. No. 14854.

United States District Court
E. D. New York.

Nov. 23, 1956.

---

Seymour Barash, Brooklyn, N. Y., for plaintiffs.

Baer, Marks, Friedman, Berliner & Klein, New York City, for defendant Firestone Tire & Rubber Co. by Leonard L. Berliner, New York City, of counsel.

BYERS, District Judge.

This is a plaintiff's motion to amend the summons and complaint by adding as a defendant Dominick Mustello, doing business as Dick's Service Station, as a party defendant.

The motion is opposed on the ground that the proposed defendant is a resident of this State and District, and that the effect of granting the motion would be to oust the court of jurisdiction which is based on diversity of citizenship between the plaintiff and the first named corporate defendant. The second named corporate defendant has been dismissed on consent for failure of attempted service of process upon it.

Plaintiff's causes as pleaded are based upon alleged negligence of the first named defendant in the manufacture of a certain automobile tire known as Firestone Super Balloon, Size 670 x 15, black wall tire, which was purchased by the plaintiff's decedent on February 20, 1953 from "an authorized dealer of the defendant Firestone, etc."; that except for "removal by the aforesaid dealer for one repair to the interior wall on June 27, 1953, the said tire remained on the rim where it was originally installed, up to January 17, 1954, when it blew out or exploded, causing the automobile to swerve off of the road and into a tree, causing the death of Anthony La Salle and severe injuries to the (sic) Vincetta La Salle, * * *."

The other corporate defendant, as to which dismissal was had, is alleged to have been negligent in the manufacture of a tire blow-out patch which was apparently affixed on June 27, 1953 to the interior wall which blew out as above stated.

It appears from the plaintiff's affidavit that the defendant sought to be brought into the case "caused the tire to be placed on the Plaintiffs automobile" during the month of February, 1953, and that during the month of June the repair, namely

the insertion of the tire patch was made by the said proposed defendant, who assured the plaintiff and her deceased husband "that this was proper procedure."

"This tire and patch later proved to be defective in that on the 17th day of January, 1954, the tire and patch in question blew out due to the fact that the said tire and patch could not withstand normal pressure, causing the accident"

which is described in the complaint.

Thus it appears that the defendant sought to be joined is not alleged to have done his work improperly, which means that there is no new cause of action sought to be introduced, but that the plaintiff relies upon alleged negligence on the part of Firestone in the manufacture of the tire, and negligence on the part of the dismissed defendant Bowes Seal Fast Corp. in the manufacture of the patch, which is another way of saying that there is no separate controversy sought to be introduced by the addition of the proposed defendant named in the motion papers.

Thus this case is brought in close parallel to Silverman v. Swift & Co., D.C., 100 F.Supp. 961, 963, and the opinion may be quoted in part:

"The only cause of action stated by each plaintiff is one for damages resulting from trichinosis and it makes no difference whether the acts or omissions which allegedly caused the disease were committed by one or all of the defendants, acting separately and independently of each other, or in concert with one another. The claims or cause of action of the plaintiff against Swift are not, therefore, within the meaning of 1441(c) [28 U.S.C. § 1441 (c)], separate and independent from their claims or causes of action against the individual defendants."

The opinion goes on to point out that if a case had been pleaded originally against residents of the same State as that of the plaintiff, it would not have been removable, and the same test is present here. If Mustello had been originally a party to the controversy, it could not have been removed to this court as it was when the foreign corporations were the only defendants, and to grant this motion would therefore oust the court of jurisdiction based upon diversity. See Pacific Gas & Electric Co. v. Fibreboard Products, Inc., D.C., 116 F. Supp. 377.

The plaintiff's argument to the effect that if its motion were to be granted, multiplicity of action would be avoided, is probably true, but it should also be stated that a motion to remand this cause has already been heard and denied by another Judge of this court; if the plaintiff's present motion were to be granted, the necessary effect would be to justify the granting of a new motion to remand for reasons above stated, and it is thought such a procedure is not to be encouraged.

The denial of this motion will not deprive the plaintiff of her day in court against the proposed defendant, for she is at liberty to institute an action against him, as she may be advised.

Motion denied. Settle order.