Martin LEVITT and Judith Levitt,
Plaintiffs,

v.

FORD MOTOR CO., Hicksville Motors,
Inc., and Firestone Tire & Rubber
Co., Defendants.

United States District Court
E. D. New York.

April 12, 1963.

Baer, Marks, Friedman & Berliner, New York City, for petitioner.

MISHLER, District Judge.

Petitioner Firestone Tire & Rubber Co. petitions for removal of the above entitled action now pending in the Supreme Court of the State of New York, County of Queens.

The complaint, a copy of which was submitted with the petition, states six causes of action. Defendant Hicksville Motors, Inc., a citizen of New York, sold a motor vehicle to plaintiff Martin Levitt. The vehicle was manufactured by defendant Ford Motor Company, described in the complaint as both a foreign and domestic corporation. The complaint alleges that a tire manufactured by petitioner blew out and caused the injuries to plaintiffs made the basis of the complaint.

Plaintiffs' first and second causes of action alleges negligence of the three defendants. The third cause of action is derivative, in favor of the plaintiff (husband) Martin Levitt resulting from the injuries of plaintiff (wife) Judith Levitt. The fourth cause of action is against petitioner based on alleged breach of warranty. The fifth cause of action is against defendant Hicksville Motors, Inc. based on breach of warranty. The sixth is for property damages based on the alleged negligence of all the defendants.

28 U.S.C. § 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction. June 25, 1948, c. 646, 62 Stat. 937."

Petitioner argues in his brief that since the fourth cause of action alleged against petitioner " * * * would be

removable if sued upon alone * * *" the entire case may be removed.

The history of enactment of 28 U.S.C. § 1441(c) is detailed in American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. A suit was brought in the Texas State Court against a citizen of Texas and two foreign corporations. The suit was for recovery of a fire loss. The suit was removed to a U. S. District Court and plaintiff unsuccessfully sought to remand to the State court. The Supreme Court reversed the judgment obtained by plaintiff for the reason that the U. S. District Court lacked jurisdiction. The Court related that when a controversy was "separable" under the former provision of 28 U.S.C. § 71, it was removable. Congress, in the revision, sought to abridge the right of removal (id. at 11, 71 S.Ct. at 538). The Court said:

"A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. * * * In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." Id. at 11, 12, 71 S.Ct. 538–539.

 The phrase "separate and independent claim or cause of action" in the context of 28 U.S.C. § 1441(c) is interpreted to connote a separate controversy —where one recovery is allowed regardless of the number of claims or causes of action. The Court in American Fire & Casualty Co. v. Finn, supra, cited with approval the following from Baltimore S.S. Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069:

"Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but *one recovery,* whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them." [Italics supplied]

To the same effect see Silverman v. Swift & Co., 1951, D.C., 100 F.Supp. 961, 963; LaSalle v. Firestone Tire & Rubber Co., 1956, 146 F.Supp. 376, 378. Cf. Breslerman v. American Liberty Insurance Co., 1959, E.D.N.Y., 169 F.Supp. 531. The six causes of action stated in the complaint constitute but one controversy. When thus viewed the controversy is separable.

The petition is denied. The Clerk is directed to reject the same.

This memorandum of decision shall be deemed the Order of the Court.