**In re Petition to Adjudge a Delinquent Child Dorothy Jean WRIGHT, William Arrington Williams, Robert McClain, Lonnie Boykin, Vincent Harriel, Gladys Williams, Charlie Macon, Geraldine Flowers, Ruby Dawson, Luther Bostick and George White.**

Cr. No. 11739-N.

United States District Court
M. D. Alabama, N. D.
Aug. 3, 1965.

Solomon S. Seay, Jr., of Gray & Seay, Montgomery, Ala., for petitioners.

No appearance was filed for City of Montgomery or Montgomery County, Alabama.

JOHNSON, District Judge.

Each of the petitioners in this case was arrested on April 15, 1965, by police officers in the City of Montgomery, Alabama, on a charge of violating Ordinance No. 16–64 of the City of Montgomery, Alabama.[1] Thereafter, petitioners were transferred to the Juvenile Detention Facility of the Family Relations Division of the Circuit Court of Montgomery County, Alabama, and petitions were filed to adjudge each a delinquent child. The proceedings as to each of the above-named petitioners were removed on April 22, 1965, to this Court. The removal was pursuant to Title 28, Section 1443, United States Code. The matter, by formal order, was set for a hearing on July 7, 1965, and due notice was given the Circuit Solicitor of Montgomery County, Alabama, as to this setting. No appearance has been filed in this Court by any representative of the City of Montgomery, State of Alabama, or Montgomery County, Alabama, in connection with these proceedings. The petitioners on July 6, 1965, asked this Court for a dismissal of these proceedings for failure of the State of Alabama to prosecute petitioners, for failure of the State of Alabama to follow the procedural requirements of the State law by filing a formal petition to have the petitioners adjudged delinquent. Petitioners also ask this Court to declare unconstitutional Act No. 250, Acts of Alabama, Regular Session 1959, which Act creates a Domestic Relations Division of the Circuit Court of Montgomery County, Alabama.

In the absence of a motion to remand, this Court could have probably assumed the facts as set out in the petition for removal to be correct and could have,

from said facts, concluded that this Court had jurisdiction of the matter. Cox v. State of Louisiana (5th Cir., June 29, 1965), 348 F.2d 750. However, for the purpose of determining jurisdiction, it was considered the better procedure to require the attorneys for the petitioners to offer evidence relating to the circumstances leading up to and surrounding the arrest of the petitioners on April 15, 1965. For the reasons hereinafter appearing, this Court will not reach the several specific grounds set out in the petitioners' motions to dismiss.

As stated above, the petitioners, all Negroes, were arrested on April 15, 1965, by police officers of the City of Montgomery, Alabama. From the uncontroverted, verified removal petition and from the uncontroverted evidence taken orally before this Court, this Court finds that immediately prior to and at the time of their arrest, the petitioners were peaceably picketing H. L. Green Store located in the downtown area in Montgomery, Alabama. The petitioners, or most of them, were carrying signs urging that persons sympathetic with the cause of equal rights withdraw their patronage from the H. L. Green Store by reason of its discriminatory hiring practices. The conduct of the petitioners was orderly in every respect; there were no entrance ways to the store blocked; the customers who desired to do so continued to enter and leave the store; there was adequate space left between each of the pickets for patrons and employees of the store to leave and enter if they desired to do so. This Court finds from the submission in this case that the arrest and prosecution of each of the petitioners directly stemmed from his or her effort to protest what he or she considered to be discriminatory practices on the part of the H. L. Green Store. The manner in which the petitioners were protesting the alleged discrimination against members of their race was an allowable and

---

1. "Those who participate in any demonstration on any sidewalk shall be spaced a distance of not less than ten feet apart; and not more than six persons shall demonstrate at any one time before the same place of business or public facility." Presently codified, the Code of the City of Montgomery, Alabama, Section 30–7.

constitutionally recognized exercise of their right of free speech and assembly to protest what they consider to be racial discrimination on the part of the store involved. If the ordinance of the City of Montgomery which these petitioners were charged with violating makes petitioners' conduct punishable as that conduct is reflected by the evidence in this case, then that ordinance is unconstitutional as applied to these petitioners.

This Court concludes, therefore, that under Section 1443(1), Title 28, United States Code, the petition for removal in this case and the evidence offered in support thereof adequately reflect that the petitioners suffered a denial of equal rights by the enforcement of the ordinance under which they were arrested and being prosecuted in the Circuit Court of Montgomery County, Alabama. This Court further concludes that under such circumstances the arrest of these petitioners and their prosecution by the State of Alabama fall squarely within the principles announced by the Supreme Court of the United States in Hamm v. City of Rock Hill (1964), 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, and Cox v. State of Louisiana (Jan. 1965), 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471. This City of Montgomery ordinance, even though valid on its face, effects a denial of equal rights of these petitioners through its application under the facts of this particular case. The principles of Hamm, Cox, Rachel, et al. v. State of Georgia (5th Cir., March 5, 1965), 342 F.2d 336; Peacock v. City of Greenwood, Mississippi (5th Cir., June 22, 1965), 347 F.2d 679; and Cox v. State of Louisiana (5th Cir., June 29, 1965), 348 F.2d 750, make it necessary and appropriate for this Court to take jurisdiction of this cause and order dismissal of the prosecutions without further proceedings.

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that the petition for removal filed herein on April 22, 1965, be and the same is hereby allowed.

It is further ordered that the Montgomery City Ordinance No. 16–64, Section 7, presently codified, The Code of the City of Montgomery, Alabama, Section 30–7, as applied to the conduct of each of the petitioners that resulted in his or her arrest on April 15, 1965, is unconstitutional. It is further ordered that the criminal prosecutions as to each of the above-named petitioners based upon their arrest by the officials of the City of Montgomery on April 15, 1965, be and each is hereby dismissed. Any of said petitioners who have not as yet been released on their own bond are ordered to be released immediately.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against the City of Montgomery, Alabama.