John L. McMEANS et al., Petitioners,

v.

MAYOR'S COURT, FORT DEPOSIT, ALABAMA, Justice of the Peace Court, Fort Deposit, Alabama, City of Fort Deposit, Alabama, and State of Alabama, Respondents.

Cr. No. 11759-N.

United States District Court
M. D. Alabama, N. D.
Sept. 30, 1965.

607

Peter A. Hall, Birmingham, Ala., Jack Greenberg, Norman C. Amaker and Charles H. Jones, New York City, for petitioners.

Robert Steiner, Montgomery, Ala., and William Hamilton, Greenville, Ala., for Mayor's Court and City of Fort Deposit, Alabama.

JOHNSON, District Judge.

Each of the petitioners in this case was arrested on August 14, 1965, by police officers or county deputy sheriffs in the Town of Fort Deposit, Alabama. Each of the petitioners, with the exception of Christopher Wylie and Stokely Carmichael, was arrested and charged with violating an ordinance regulating parades and demonstrations on the streets of Fort Deposit, Alabama; a copy of this ordinance is attached as Appendix A. The petitioners Carmichael and Wylie were ar-

rested and charged with reckless driving[1] and leaving the scene of an accident.[2] Immediately upon their arrests, the petitioners were taken to the Town Hall of the Town of Fort Deposit, where they remained for approximately one hour. They were then transferred to the Lowndes County Jail at Hayneville, Alabama. The proceedings as to each of the petitioners were removed to this Court on August 20, 1965. The removal was pursuant to Title 28, § 1443, United States Code. The matter, by formal order, was set for a hearing to commence at 9 a. m., September 21, 1965, and due notice was given to the authorities who initiated the criminal prosecutions in the Mayor's Court and in the Justice of the Peace Court, Fort Deposit, Alabama. The hearing was conducted pursuant to the procedure outlined in Rachel, et al. v. State of Georgia (5th Cir., March 1965), 342 F.2d 336, and was for the purpose of determining whether petitioners were entitled to a federal forum as provided in Title 28, § 1443, United States Code. No appearance has been filed in this Court by any representative of the Justice of the Peace Court, Fort Deposit, Alabama. The Mayor's Court and the Town of Fort Deposit, Alabama, appear, but do not seek a remand of these cases to the Mayor's Court of Fort Deposit, Alabama. The matter is now submitted upon the evidence taken orally before the Court and the stipulations of the parties as recited into the record in open court.

■ In the absence of any motion to remand these criminal prosecutions, this Court could have assumed the facts as set out in the verified petition for removal to be correct and could have, from said facts, concluded that this Court had jurisdiction of the matter. Cox v. State of Louisiana, 5th Cir., June 29, 1965, 348 F.2d 750. However, for the purpose of determining jurisdiction, it was considered the better procedure to hear the evidence relating to the circumstances leading up to and surrounding the arrests of the petitioners on August 14, 1965.

The petitioners, some of whom are Negro and some of whom are white, were all arrested in the Town of Fort Deposit, Lowndes County, Alabama, on August 14, 1965. All the petitioners, with the exception of Stokely Carmichael and Christopher Wylie, were arrested by police officers of the Town of Fort Deposit, Alabama. Carmichael and Wylie were arrested in Fort Deposit by representatives of the Sheriff's Department, Lowndes County, Alabama. From the uncontroverted evidence taken orally before this Court, this Court finds that immediately prior to and at the time of their arrests, the petitioners, with the exception of Wylie and Carmichael, were in three separate groups, averaging eight to ten in each group, peaceably picketing three separate establishments in the Town of Fort Deposit, Alabama. These establishments were Waters Dry Goods Store, the Community Grill and McGruder's Grocery Store. Wylie and Carmichael had provided the automobile transportation from the assembly point, a church located outside the Town of Fort Deposit, to the stores picketed. The petitioners, or most of them, were carrying signs urging that persons sympathetic with the cause of equal rights withdraw their patronage from the stores being picketed. The purposes of the picketing were to protest alleged discrimination against Negroes by the owners of the stores being picketed. More specifically, they were protesting discriminatory hiring practices, unequal treatment as to separate entrance ways for whites and Negroes, general insults to the dignity of Negroes because they were Negroes, and excessive prices for the products sold by the establishments being picketed. The conduct of the petitioners, including Wylie and Carmichael, was orderly in every respect. There were no entrance ways to the stores blocked, and the customers were left space to enter and leave the stores. There was no traffic, either vehicular or pedestrian,

---

1. Title 36, § 3, Code of Alabama, 1940, Recompiled 1958.

2. Title 36, § 117, Code of Alabama, 1940. Recompiled 1958.

blocked as a result of the conduct of the groups that were arrested. At or about the same time the petitioners who were picketing were arrested by the town authorities, Wylie and Carmichael, who had just deposited the pickets at the designated stores, were blocked by another vehicle occupied by a group of armed, unknown whites. The vehicle being operated by Wylie and Carmichael and the vehicle being operated by the unknown whites bumped together. There was no property damage except to the vehicle being driven by Wylie and Carmichael. It was agreed that the occupants of the two vehicles would go to the Town Hall to submit the matter to the authorities. Upon arriving at the Town Hall, Wylie and Carmichael were arrested by the county authorities and charged with reckless driving and leaving the scene of an accident.

 This Court finds from the submission in this case that the arrest and prosecution of each of the petitioners directly stemmed from his or her effort to protest what he or she considered discriminatory practices on the part of the three establishments being picketed in Fort Deposit, Lowndes County, Alabama. The manner in which the petitioners were protesting the alleged discrimination against members of their race was an allowable and constitutionally recognized exercise of their right of free speech and assembly to protest what they considered to be racial discrimination on the part of the establishments involved. If the ordinance, as set out in Appendix A, of the Town of Fort Deposit, Alabama, that these petitioners, with the exception of Wylie and Carmichael, were charged with violating makes their conduct punishable, as that conduct is reflected by the evidence in this case, then the ordinance is unconstitutional as applied to the petitioners arrested for its violation. As to Wylie and Carmichael, the evidence reflects that the charges lodged against them were nothing more than a subterfuge, and their arrests for violating the laws with which they were charged and their prosecutions therefrom directly stemmed from their efforts to protest what they considered to be discriminatory practices on the part of the establishments involved. The arrests of Wylie and Carmichael for this purpose are violative of their constitutional rights.

 This Court concludes, therefore, that under Title 28, § 1443(1), United States Code, the petition for removal in this case and the evidence offered in support thereof, reflects that the petitioners suffered a denial of equal rights by the enforcement of the ordinance and laws under which they were arrested and are being prosecuted in the Mayor's Court and in the Justice of the Peace Court, both of Fort Deposit, Alabama. This Court further concludes that under such circumstances the arrests of these petitioners on August 14, 1965, and their prosecutions by the Town, City and State authorities fall squarely within the principles announced by the Supreme Court of the United States in Hamm v. City of Rock Hill (1964), 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, and Cox v. State of Louisiana (Jan. 1965), 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471. This Town of Fort Deposit ordinance, even though valid on its face, effects a denial of equal rights of these petitioners through its application under the facts of this particular case. The principles of Hamm, Cox, Rachel, et al. v. State of Georgia (5th Cir. March 5, 1965), 342 F.2d 336; Peacock v. City of Greenwood, Mississippi (5th Cir., June 22, 1965), 347 F.2d 679; Cox v. State of Louisiana, supra, and Cameron, et al. v. Johnson, et al. (June 1965), 381 U.S. 741, 85 S.Ct. 1751, 14 L.Ed.2d 715, make it necessary and appropriate for this Court to take jurisdiction of this cause and order dismissal of the prosecutions without further proceedings.

In accordance with the foregoing and for good cause, it is the ORDER, JUDGMENT and DECREE of this Court that the petition for removal filed herein on August 20, 1965, as amended on August 24, 1965, be and the same is hereby allowed.

It is further ordered that the ordinance of the Town of Fort Deposit, Alabama, relating to parades and demonstrations, as reflected on page 2 of the Minutes of the Regular Meeting of the Town Council held on November 11, 1963, set out in Appendix A of this opinion, is unconstitutional as said ordinance was and is sought to be applied to the conduct of each of the petitioners, except Wylie and Carmichael, that resulted in his or her arrest on August 14, 1965.

It is further ordered that the State statutes relating to reckless driving and leaving the scene of the accident are unconstitutional as those statutes are set out in footnotes one and two of this opinion and as those statutes were and are sought to be applied to the conduct of the petitioners Wylie and Carmichael which resulted in their arrests on August 14, 1965.

It is further ordered that the criminal prosecutions of the above-named petitioners based upon their arrests by the officials of the Town of Fort Deposit, Alabama, the officials of Lowndes County, Alabama, and/or the officials of the State of Alabama on August 14, 1965, be and each is hereby dismissed.

It is further ordered that the officers, agents, employees, successors in office, charged with enforcing the laws of the Town of Fort Deposit and the laws of the State of Alabama, be and each is hereby enjoined from prosecuting any of the petitioners in the Mayor's Court of Fort Deposit, Alabama, or in the Justice of the Peace Court of Fort Deposit, Alabama, for their conduct resulting in their arrests in Fort Deposit, Alabama, on Saturday, August 14, 1965.

It is further ordered that the cash bail deposited by or in behalf of any of the petitioners with either the Mayor's Court of Fort Deposit, Alabama, or the Justice of the Peace Court of Fort Deposit, Alabama, be returned and refunded forthwith.

It is further ordered that the costs in this proceeding be and they are hereby taxed against the Town of Fort Deposit, Alabama.

It is further ordered that jurisdiction of this matter be and the same is expressly retained.

## APPENDIX A

PAGE NO. 2—Minutes of Regular meeting of Town Council held on November 11, 1963.

AN ORDINANCE REGULATING THE PROMOTION, ORGANIZING, AND HOLDING OF PARADES, PROCESSIONS AND PUBLIC DEMONSTRATIONS ON THE STREETS OR OTHER PUBLIC WAYS IN THE TOWN OF FORT DEPOSIT, ALABAMA.

BE IT ORDAINED by the Town Council of the Town of Fort Deposit, Alabama as follows:

Section 1. It shall be unlawful to promote, organize or hold, or to assist in organizing or holding, or to take part or participate in any parade, procession or other public demonstration on the streets or other public ways of the said Town of Fort Deposit, Alabama, unless a permit therefor has been secured from the Town Council of said Town of Fort Deposit, Alabama. To secure such a permit, a written application shall be made to the Town Council of the Town of Fort Deposit, Alabama, setting forth the date and hour, the probable number of persons and vehicles which shall be engaged in such parade, procession or other public demonstration, the purpose for which it is to be held or had and the streets or other public ways over, along or on which it is desired to have or hold such parade, procession or public demonstration. The Council of the Town of Fort Deposit, Alabama shall grant a written permit for such parade, procession or public demonstration prescribing the streets or other public ways which may be used therefor, unless, in its judgment, the public welfare, peace, safety, health decency, good order, morals or convenience require that it be refused. It shall be unlawful to use for such purposes, on the date requested, any other street or public way than those

set forth in the said permit. This ordinance excepts from these regulations the procession formed for a funeral.

Section 2. Any person violating any of the provisions of this ordinance shall, upon conviction, be fined not less than one dollar and not more than one hundred dollars, or sentenced to hard labor for the Town of Fort Deposit, Alabama for a time not to exceed six months, one or both, at the discretion of the Mayor of the Town of Fort Deposit, Alabama.

Section 3. All ordinances or parts of ordinances which are found to be in conflict with this ordinance are hereby repealed.

Section 4. This ordinance shall take effect as provided by law, after passage, approval and publication.

(s) O. P. Edwards
―――――――――――――――
O. P. Edwards, Mayor

(s) C. J. Kirkpatrick
―――――――――――――――
C. J. Kirkpatrick, Town Clerk

November 11, 1963