**John Henry HUGHLEY et al., Petitioners,**

v.

**The CITY OF OPELIKA, ALABAMA,
Respondent.**

**Crim. No. 2319-E.**

United States District Court
M. D. Alabama, E. D.
Nov. 18, 1965.

Alvin J. Bronstein and Bruce S. Rogow, Jackson, Miss., for petitioners.

Carl E. Maye, of McKee & Maye, Opelika, Ala., for respondent.

JOHNSON, District Judge.

Each of the petitioners in this case was arrested on September 1, 1965, by police officers in the City of Opelika, Lee County, Alabama. Upon being arrested by said authorities, each of the petitioners was charged with violating an ordinance regulating parades on the streets of Opelika, Alabama. The pertinent sections of this ordinance are attached as Appendix A. Immediately upon their arrests, the petitioners, with the exception of Sammy Oliver, Carolyn Maddox, Paulette Dallas, Mary J. Smith and Miller Reese, Jr., who

are juveniles,[1] were incarcerated either in the City of Opelika Jail or the Lee County Jail where they either paid fines in lieu of posting bonds, or posted cash bonds which were forfeited to the City of Opelika, or which are presently on deposit with the City of Opelika. The proceedings as to each of the petitioners were removed to this Court on September 14, 1965. The removal was pursuant to Title 28, § 1443, United States Code. The matter, by formal order, was set for a hearing to commence at 9 a. m., Saturday, November 6, 1965, and due notice was given to the authorities who initiated the criminal prosecutions in the Recorder's Court of the City of Opelika, Alabama. All parties appeared with their counsel, and the hearing, as scheduled, was conducted pursuant to the procedure outlined in Rachel, et al. v. State of Georgia (5th Cir., March 1965), 342 F.2d 336, and was for the purpose of determining whether the petitioners were entitled to a federal forum as provided in Title 28, § 1443, United States Code. The matter is now submitted upon the evidence taken orally before the Court, the exhibits offered and admitted, and the stipulation of the parties as recited into the record.

The petitioners, most of whom are Negro but some of whom are white, were arrested in the City of Opelika, Lee County, Alabama, on September 1, 1965. The arrests were effected by the police officials of the City. From the evidence in this case, this Court finds that the petitioners as members of the Auburn Freedom League and of the Tuskegee Institute Advancement League, after giving due notice to the Opelika City officials as to their intent and purpose, assembled on Wednesday morning, September 1, 1965, at Thompson's Chapel in the City of Opelika, Alabama. About noon on this date a group of approximately 65 persons, including these petitioners, departed

---

I. No cases were made or docketed against any of these juveniles by the City of Opelika; instead, they were turned over to the juvenile authorities of Lee County, Alabama. Their cases were not removed to this Court, and no officials of the Juvenile Court of Lee County, Alabama, were made defendants or appeared herein. By agreement of counsel, this Court is to make no adjudication in this proceeding concerning these juveniles.

from the church and marched three abreast on the shoulders of the highway or sidewalk, or in the gutter adjacent to the sidewalk, for approximately one-half block to the junction of U. S. Highway 431 and Tolbert Boulevard. After reaching this junction, at which point they were stopped by the police officials of the City of Opelika and informed that they were violating the City of Opelika ordinance requiring a permit prior to parading, the group then proceeded in the same manner for approximately two blocks toward the Lee County Courthouse where they were arrested by the City officials for parading without a permit. This parade was for the purpose of protesting the practices in the State of Alabama and in Lee County relating to the right of Negroes to register to vote, discriminatory hiring practices against members of the Negro race, and failure of the City and County officials to assist in the desegregation of places of public accommodation. The evidence in this case reflects that the conduct of the petitioners was orderly in every respect. There was no rowdyism, obscenity, or undue blocking of vehicular or pedestrian traffic, either on the streets or sidewalks.

This Court finds from the evidence upon this submission that the arrest and prosecution of each of the petitioners directly stemmed from his or her effort to protest what he or she considered violations of the constitutional rights of Negro citizens residing in Opelika and Lee County, Alabama. The manner in which these petitioners were protesting the alleged violation of the constitutional rights of members of the Negro race of Lee County and Opelika, Alabama, was an allowable and constitutionally recognized exercise of their right of free speech and assembly. If the ordinance of the City of Opelika, Alabama, as set out in Appendix A, that these petitioners, with the exception of the juveniles referred to in footnote 1, were charged with violating makes their conduct punishable as that conduct is reflected by the evidence in this case, then that ordinance is unconstitutional as applied to the petitioners arrested for its violation. This Court concludes, therefore, that, under Title 28, § 1443(1), United States Code, the petition for removal in this case as to all the petitioners, except the juveniles heretofore named, and the evidence offered in support thereof reflect that said petitioners suffered a denial of equal rights by the enforcement of the ordinance and laws under which they were arrested and are being prosecuted in the Recorder's Court of the City of Opelika, Alabama.

This Court further concludes that under such circumstances the arrests of these petitioners on September 1, 1965, and their prosecutions by the City of Opelika fall squarely within the principles announced by the Supreme Court of the United States in Hamm v. City of Rock Hill (1964), 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300; Cox v. State of Louisiana (Jan. 1965), 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471. This ordinance of the City of Opelika, even though valid on its face, effects a denial of the equal rights of the petitioners through its application under the facts of this particular case. The principles of Hamm, Cox, Rachel, et al. v. State of Georgia, 342 F.2d 336; Peacock v. City of Greenwood, Mississippi (5 Cir.), 347 F.2d 679, Cox v. State of Louisiana (5th Cir., June 1965), 348 F.2d 750, and Cameron, et al. v. Johnson, et al. (June 1965), 381 U.S. 741, 85 S.Ct. 1751, 14 L.Ed.2d 715, make it necessary and appropriate for this Court to take jurisdiction of this cause and order dismissal of the prosecutions without further proceedings.

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that the petition for removal filed herein on September 14, 1965, be and the same is hereby allowed. It is further ordered that the motion of the City of Opelika, Alabama, asking this Court to remand these criminal prosecutions to the Recorder's Court of the City of Opelika, be and the same is hereby denied.

It is further ordered that the ordinance, and each section thereof, of the

City of Opelika, Alabama, relating to parades and parade permits, as set out in Appendix A, is unconstitutional as said ordinance, and each section thereof, was and is sought to be applied to the conduct of the petitioners that resulted in their arrests on September 1, 1965. It is further ordered that the criminal prosecutions of the above-named petitioners, with the exception of any of said petitioners whose cases were or are being handled by the Lee County Juvenile Court (the officials of which were not made parties in this action), based upon their arrests by the officials of the City of Opelika, Alabama, on September 1, 1965, be and each is hereby dismissed.

It is further ordered that the officers, agents, employees and successors in office charged with enforcing the laws of the City of Opelika, Alabama, and the laws of the State of Alabama within said municipality, be and each is hereby enjoined from prosecuting any of the petitioners in the Recorder's Court of the City of Opelika, Alabama, or in any other court, for their conduct resulting in their arrests in Opelika, Alabama, on September 1, 1965.

It is further ordered that the cash bail deposited by or in behalf of any of the petitioners with any of the officials of the City of Opelika, Alabama, or any fines imposed upon any of the petitioners by the officials of the City of Opelika, Alabama, be returned and refunded forthwith.

It is further ordered that the costs in this proceeding be and they are hereby taxed against the City of Opelika, Alabama.

It is further ordered that jurisdiction of this matter be and the same is hereby expressly retained.

## APPENDIX A

### CODE OF ORDINANCES OF THE CITY OF OPELIKA, ALABAMA, 1964

Section 25–7. Parades—Permit required.

It shall be unlawful for any person, organization or group to hold a parade in or on any of the streets of the city unless such person, organization or group shall first obtain a permit from the city clerk. (Code 1952, ch. 20, 9)

Section 25–8. Same—Application for permit.

Any person, organization or group desiring to hold a parade in or on any of the streets of the city shall make application for the permit required by section 25–7 at least twenty-four (24) hours prior to the time it is proposed to hold such parade. Such application shall be filed with the city clerk and shall state the approximate number of vehicles and persons marching on foot scheduled to take part in such parade, together with the time such parade will begin, the duration of the same and the route over which such parade shall travel. (Code 1952, ch. 20, 10)

Section 25–9. Same—Issuance of permit; authority of city clerk.

The city clerk is hereby authorized to issue the permit required by section 25–7 upon the written approval of at least two (2) members of the board of commissioners of the city granted in writing in advance of the issuance of such permit. (Code 1952, ch. 20, 11)