The CRENSHAW COUNTY BOARD OF
EDUCATION et al., Plaintiffs,

v.

Roosevelt BARNETT et al., Defendants.

Civ. A. No. 2345-N.

United States District Court
M. D. Alabama, N. D.

March 2, 1966.

Maury D. Smith and Stanley B. Sikes, of Goodwyn & Smith, Montgomery, Ala., and Alton L. Turner, Luverne, Ala., for plaintiffs.

Solomon Seay, of Gray & Seay, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

The petitioners, Negro citizens of Crenshaw County, Alabama, the Southern Christian Leadership Conference, and the Crenshaw County Democratic Conference, removed to this court on February 9, 1966, a civil action, numbered for identification purposes by the Circuit Court of Crenshaw County, Alabama, In Equity, as case No. 604, wherein on January 19, 1966, the Board of Education, the individual members thereof, and the Superintendent of Education of Crenshaw County, Alabama, filed in the Circuit Court of that county a complaint asking that the petitioners and others acting in concert with them be enjoined from encouraging or participating in mass demonstrations on or near the Helicon Public School premises in Crenshaw County, Alabama. The petitioners in their application for removal to this court allege that on January 19, 1966, the Honorable T. W. Thagard, Presiding Judge of the Circuit Court of Crenshaw County, Alabama, issued a writ of injunction enjoining them from:

[C]onducting, encouraging or participating in demonstrations, picketing, and boycotting the Helicon School in Crenshaw County, Alabama, as well as all other public school premises situated in Crenshaw County; from marching, parading, or protesting the operation of the Helicon School in Crenshaw County, Alabama, as well as all other public schools situated in Crenshaw County, Alabama, on or near school premises and during school hours while pupils are attending the public schools, and this injunction you are commanded to obey under the penalties of law until the further order of this Court.

Removal to this court is sought pursuant to the provisions of 28 U.S.C. § 1443.[1] The petitioners allege that the acts which the Circuit Court of Crenshaw County, Alabama, enjoined them from committing "are acts in the constitutionally protected exercise of the rights to peacefully demonstrate and march in order to seek a redress of grievances and, particularly, to gain the equal opportunity for Negro citizens to employment, and to gain equal educational opportunities in Crenshaw County." Petitioners contend the rights to equal public employment opportunities and equal educational facilities and opportunities are guaranteed by the Fourteenth Amendment to the Constitution of the United States, and, furthermore, that the rights to demonstrate and carry on other peaceful protest activities are guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. Petitioners further allege that the action brought by the Crenshaw County Board of Education and the injunction issued by the State Circuit Court were for the purpose and have the effect of harassing and interfering with the defendants in the exercise of their rights to peaceably assemble for the purpose of seeking redress of grievances. The petitioners in their pleading conclude that they have been enjoined "for acts done under color of authority derived from the Fourteenth Amendment to the Constitution," and that, for that reason, this civil action is removable under 28 U.S.C. § 1443(2). Furthermore, petitioners contend that the state court injunction "results in the denial of defendants' equal rights to peacefully protest and demonstrate for a redress of grievances protected under * * * the Constitution * * * [and results in] the denial of their equal right

1. "§ 1443. Civil rights cases

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

to peacefully protest and demonstrate to achieve equal public employment opportunities and the denial of their right both to seek equal educational opportunities and their right to peacefully protest and demonstrate to achieve such equal educational opportunities protected by * * * the Constitution * * * " and that, therefore, the action is also removable under 28 U.S.C. § 1443 (1). The petitioners ask this Court to dissolve the injunction issued by the Circuit Court of Crenshaw County, Alabama, on January 19, 1966, and enjoin any further proceedings in that case.

■ For the purpose of determining jurisdiction, this Court, proceeding on the basis of Rachel, et al. v. State of Georgia, 342 F.2d 336 (5th Cir. 1965), after giving due notice, conducted an evidentiary hearing into the matter.[2]

On June 24, 1965, the Crenshaw County Board of Education unanimously promulgated and adopted a plan for desegregating the public school system throughout the county. The plan was effective with the commencement of the school year 1965–66, and provided that all students in the public schools of Crenshaw County, Alabama, have a freedom of choice, regardless of race, as to the school to be attended. The desegregation plan relating to all grades in all schools in the county was for the purpose of complying "with the laws of the land and various and sundry rules and regulations promulgated by the Department of Health, Education, and Welfare." The plan was accepted and approved by the United States Department of Health, Education, and Welfare, and the implementation of the plan has resulted in some desegregation of the formerly "all-

white" schools in Crenshaw County. No complaints, as far as the evidence in this case reflects, have been filed officially with the Department of Health, Education, and Welfare concerning the implementation of the plan. No suit is pending in this court or in any other court concerning the desegregation of the public school system in Crenshaw County, Alabama.

The activities that resulted in the issuance of the state court injunction commenced in December, 1965, with the dismissal of a teacher by the name of Richburg from the Helicon School. The Helicon School, as far as the evidence in this case reflects, has been and continues to be a school attended only by Negroes. Demonstrations were held in and around Luverne, Alabama, the county seat of Crenshaw County, Alabama, protesting the dismissal of teacher Richburg. These demonstrations were participated in by both adults and youths, many of the latter being absent from the Helicon School for the purpose of participating in the demonstrations. The situation was aggravated by the dismissal of Negro school bus driver Collins Harris, who was (and is) a Southern Christian Leadership Conference local leader and an officer of the Crenshaw County Democratic Conference (an affiliate of S.C.L.C.). Harris was terminated as a driver sometime around the 1st of January, 1966. The demonstrations were intensified and were later centered around the Helicon School. The evidence in this case reflects that several, if not all, of the Negro petitioners either actively participated in these demonstrations, or were at or near the Helicon School, which is located in a rural area of Crenshaw County, Ala-

---

2. The Crenshaw County Board of Education and the others who were original petitioners in the State Circuit Court assert that they have no objection to this Court taking complete jurisdiction in this case and rendering a decree on the merits. The exercise of jurisdiction by this Court in this case has, as stated above, been for a limited purpose as authorized and required by Rachel, et al. v. State of Georgia, supra, and was for the sole purpose of determining whether the Negro

petitioners are entitled to a federal forum in this civil action as provided in 28 U.S.C. § 1443. It is basic that jurisdiction may not be conferred on a Federal Court by mere consent of the parties. People's Bank of Belville v. Calhoun, 102 U.S. 256, 26 L.Ed. 101; United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. 764; American Fire and Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Iselin v. La Coste, 147 F.2d 791 (5th Cir. 1945).

bama, each time a demonstration occurred; or they lent their support to the demonstrations by encouraging the students to leave school and engage in the demonstration activities. The demonstrations came to a climax on January 17, 1966, when approximately 135 Negroes, most of whom were school children, went onto the school grounds during classroom hours, marched around the building singing, and, finally forced their way inside. There was considerable property damage; the principal was assaulted, and, needless to say, school was disrupted. This activity occurred two days before the issuance of the state court injunction.[3] The demonstrations have resulted in the Helicon student attendance being drastically reduced since December, 1965, and have also resulted in considerable loss of funds for the school system, since the funds available to the school system in Crenshaw County are based upon average daily attendance.

■ Proceeding first to the petitioners' contention that the removal to this court is authorized by § 1443(2), which contention is predicated on the ground that they are being sued in the Crenshaw County Circuit Court for acts done under color of authority, this Court finds that removal to this court is not available. New York v. Galamison, 342 F.2d 255 (2d Cir.), cert. denied, 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272 (1965); Peacock, et al. v. City of Greenwood, 347 F.2d 679 (5th Cir. 1965); Forman et al. v. City of Montgomery, 245 F.Supp. 17 (M.D.Ala., August, 1965), aff'd 355 F.2d 930 (5th Cir., February 17, 1966). The evidence in this case is clear that the acts for which the petitioners were enjoined by the Circuit Court of Crenshaw County, Alabama, were not done in any official or quasi-official capacity derived from any law providing for equal rights. The above-cited cases are clear that when

subsection (2) of § 1443 speaks of "color of authority derived from" any law providing for equal rights, it is referring to a situation where a beneficiary of that portion of the statute should be allowed to do something and not merely to a situation where one may have a valid defense in a prosecution for commission of the act. Thus, as the Second Circuit did in *Galamison* and as the Fifth Circuit did in *Peacock* and *Forman*, this Court concludes that subsection (2) of § 1443 is limited to officers and those assisting them or otherwise acting in an official or quasi-official capacity. None of these petitioners were so acting.

■■ In order to sustain their allegations under § 1443(1), petitioners must prove that the state court proceedings that resulted in the issuance of the injunction on January 19, 1966, by the Circuit Court of Crenshaw County, Alabama, and the threatened contempt proceedings against them in that court for violation of the injunction, have been and are being carried out for the purpose and effect of promoting and bringing about the continuation of conditions and policies of racial discrimination in Crenshaw County, Alabama, by harassing petitioners and punishing them for the exercise of constitutional rights. The precise issue upon which this Court must focus has been formulated as follows:

> [I]t is our view, that not every violation of the equal protection clause will justify removal, but only those violations involving discrimination based on race. * * * Appellants also allege deprivation of rights under the due process clause of the Fourteenth Amendment and under the First Amendment as incorporated therein. We hold, however, that the due process clause is not a law providing for equal rights within the contemplation of the removal statute.

---

3. The demonstrations have continued even after removal of the case to this court and even in the face of a request by the Court to counsel on February 14, 1966, that the disruption of the school activities cease until this case could be heard and determined. The latest demonstration at or near the Helicon School that disturbed the classes occurred February 21, 1966.

\* \* \* \* \* \*

The removal statute contemplates those cases that go beyond a mere claim of due process violation; they must focus on racial discrimination in the context of denial of equal protection of the laws.[4]

■ The question of whether the injunction proceedings in the Circuit Court of Crenshaw County, Alabama, were initiated and are being prosecuted because the respondents in the state court case—petitioners here—are Negroes or because the substance of their demonstrations was to protest social injustices requires this Court to make a firm determination as to those points. This Court has consistently recognized that peaceful demonstrations and protests are the principal means by which Negroes can draw attention to the injustices to which they have been—and still are—subjected, and that they are constitutionally protected from harassment, arrests and criminal or civil prosecutions by reason of such conduct. However, it must be kept in mind that the mere allegation in a removal petition that conduct is constitutionally protected does not, of itself, entitle one to a federal forum. This Court also recognizes that a finding of discrimination is, of course, a factual determination which depends upon the careful weighing and analysis of the evidence as presented. Therefore, a finding that an arrest or civil or criminal prosecution in a given case is not motivated by a discriminatory purpose does not serve as a precedent in other cases.[5]

■ Upon careful consideration of the evidence and testimony presented, this Court concludes that the civil action filed in the Circuit Court of Crenshaw County, Alabama, by the Crenshaw County Board of Education that on January 19, 1966, resulted in the issuance of an injunction by the Circuit Court of Crenshaw County, Alabama, and resulted in a citation for contempt for violation of that injunction, was not motivated by any discriminatory purpose and was not in support of a policy of racial discrimination that may be maintained in Crenshaw County, Alabama. It is clearly demonstrated from the evidence taken upon this submission that the state court proceeding was not initiated for the purpose of preserving segregation and the complainants in that case were not acting under any pretense for the purpose of harassing and punishing citizens for the exercise of their constitutional rights. The state court injunction—which merely enjoins the defendants from "conducting, encouraging or participating in demonstrations, picketing, and boycotting the Helicon School in Crenshaw County, Alabama, as well as all other public school premises situated in Crenshaw County, Alabama; \* \* \* from marching, parading \* \* \* on or near school premises and during school hours while pupils are attending the public schools"—was not issued for the purpose of, and does not have the effect of, harassing or punishing these petitioners or any other citizens for the exercise of any constitutional or federally protected rights. To the contrary, the plaintiffs in the state court and the Judge of the Circuit Court of Crenshaw County, Alabama, in issuing and enforcing the narrowly drawn injunction, were discharging their duty and responsibility under the laws, without acting for the purpose of, or having the effect of, denying these petitioners the equal protection of the laws. There

---

4. Peacock v. City of Greenwood, supra, 347 F.2d at 682.

5. Contrast the result this Court reaches in the present case with that reached in Smith et al. v. City of Montgomery, Jan. 1966, 251 F.Supp. 849; Hughley et al. v. City of Opelika, Nov.1965, 251 F. Supp. 566; Petition to Adjudge a Delinquent Child: Dorothy Jean Wright et al., Aug.1965, 251 F.Supp. 880; Mc-

Means et al. v. Mayors Court, Fort Deposit, Alabama, Sept.1965, 247 F.Supp. 606; Gibbs et al. v. City of Eufaula, Feb. 25, 1966, Cr. Nos. 11,804–N, 11,805–N, 11,807–N, and 11,808–N on the docket of this Court.

Compare the result herein reached with that reached by this Court in Forman et al. v. City of Montgomery, supra; Johnson et al. v. City of Montgomery, Aug.1965, 245 F.Supp. 25.

is no basis for finding or concluding that the state court injunctive proceedings were for the purpose of harassing and impeding these petitioners in their efforts to exercise any constitutional or statutory rights providing for the equal civil rights of citizens of the United States. Again to the contrary, the petitioners, prior to January 17, 1966, and particularly on that date, which is two days before the injunction was issued, participated in or encouraged, or otherwise directly or indirectly engaged in, a demonstration around the Helicon School that reached a point of being nothing more than a hysterical mob. This "demonstration," as already noted, resulted in considerable property damage and an assault upon the school principal. Such conduct is illegal and had, prior to the issuance of the state court injunction, continued to an extremely aggravated point.

The "common denominator" of arrest and prosecution for the exercise of civil rights—as stated by Judge Wisdom in speaking for the United States Court of Appeals for the Fifth Circuit in Cox v. State of Louisiana, 348 F.2d 750 (5th Cir. 1965)—that existed in Rachel, et al. v. State of Georgia, supra, and Peacock v. City of Greenwood, supra, does not exist in the case now before this Court.

There is no constitutional or statutory right, as this Court understands the law, that prohibits arrest, prosecution or injunctive proceedings for conduct such as these petitioners were engaging in prior to and at the time they were enjoined. The basic fallacy in petitioners' contentions before this Court rests upon their assumption that they have constitutional or statutory rights to engage in conduct designed to disrupt and having the effect of disrupting classes in the public school system of Crenshaw County, Alabama, or to entice students to leave school for the purpose of participating in other protest activities. As this Court has stated before:[6]

There is no immunity conferred by our Constitution and laws of the United States to those individuals who insist upon practicing civil disobedience under the guise of demonstrating or protesting for "civil rights." The philosophy that a person may—if his cause is labeled "civil rights" or "states rights"—determine for himself what laws and court decisions are morally right or wrong and either obey or refuse to obey them according to his own determination, is a philosophy that is foreign to our "rule-of-law" theory of government. Those who resort to civil disobedience such as the petitioners were engaged in prior to and at the time they were arrested cannot and should not escape arrest and prosecution. Civil disobedience by "civil rights workers" in the form of "going limp" and lying or marching in the streets or upon the sidewalks, or marching around the city hall while night court was in session, singing "freedom" songs or taking to the streets to do their parading and picketing in lieu of using the sidewalks, while failing to make any application to city authorities for a parade permit, is still a violation of the law and subjects the violators to being prosecuted in the courts of the cities and states where such occurs.

These petitioners and others so inclined must come to recognize that judicial processes are available for the purpose of protecting their constitutional rights in this district. This does not mean to say that peaceful, orderly and lawful demonstrations (such as were being practiced by the petitioners in criminal case No. 11,739–N, this date dismissed by this Court) for purposes of dramatizing grievances or protesting discrimination can ever justify arrests and prosecutions; however, demonstrations and protests in a disorderly and unpeaceful and unlawful manner are not sanctioned by the law as this Court understands it.

6. Forman et al. v. City of Montgomery, supra.

There is a place in our system for citizens, both Negro and white, who wish to protest civil wrongs or present grievances against violations of their rights, to do so, provided they act in a peaceful and orderly manner and provided they resort to the courts and not to the streets when they are thwarted in the exercise of this privilege by authorities acting under color of law.

In accordance with the foregoing, it is, therefore, the order, judgment and decree of this Court that this cause be and the same is hereby remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ordered that the costs incurred in these proceedings be and they are hereby taxed against the petitioners (defendants in the state court), for which execution may issue.