AMERICAN FIRE & CASUALTY CO. *v.* FINN.

No. 252.  Argued December 7, 1950.—Decided April 9, 1951.

*David Bland* argued the cause for petitioner. With him on the brief were *M. L. Cook* and *Austin Y. Bryan, Jr.*

*Bailey P. Loftin* argued the cause and filed a brief for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

These proceedings present for determination the proper federal rule to be followed on a motion by a defendant to vacate a United States District Court judgment, obtained by a plaintiff after removal from a state court by defendant, and to remand the suit to the state court. Petitioner, the movant, urges that 28 U. S. C. § 1441 did not permit this removal and therefore the District Court was without jurisdiction to render the judgment which respondent, the plaintiff below, seeks to retain. The issue arose in this way:

Petitioner, the American Fire and Casualty Company, a Florida corporation, and its codefendant, the Indiana Lumbermens Mutual Insurance Company, an Indiana corporation, removed, in accordance with 28 U. S. C. § 1446, a suit brought by respondent Finn in a Texas state court against the two corporations and an individual,

8

Reiss, local agent of both corporations and a resident of Texas. The suit was for a fire loss on Texas property suffered by respondent, a resident of Texas. Respondent tried to have the case remanded before trial but was unsuccessful. After special issues were found by the jury, judgment was entered against petitioner for the amount of insurance claimed and costs, and in favor of the other two defendants. The District Court denied the motion to vacate the judgment and the Court of Appeals affirmed. 181 F. 2d 845. The latter court concluded there were causes of action against the foreign insurance companies "separate and independent" from that stated against the resident individual. Since the causes against the companies would have been removable if sued on alone, the entire suit was removable. 28 U. S. C. § 1441 (c). That ruling required consideration of the changes concerning removal made by § 1441 (c), which superseded 28 U. S. C. (1946 ed.) § 71. The Court of Appeals said:

"The difference, if any, between separable controversies under the old statute and separate and independent claims under the new one is in degree, not in kind. It is difficult to distinguish between the two concepts, but it is not necessary to attempt it in a case like this, which would be removable under either statute." 181 F. 2d 846.

Consideration of the ruling on the motion to vacate the judgment requires a determination of whether the suit contained separate and independent causes of action under § 1441 (c), and, if the conclusion is that it did not, a ruling on the effect of a judgment after a removal without right, initiated by the party against whom the judgment was ultimately rendered. As prompt, economical and sound administration of justice depends to a large degree upon definite and finally accepted principles governing important areas of litigation, such as the respective jurisdictions of federal and state courts, we granted cer-

tiorari. 340 U. S. 849. See also *Mayflower Industries* v. *Thor Corporation,* 184 F. 2d 537; *Bentley* v. *Halliburton Oil Well Cementing Co.,* 174 F. 2d 788.

## I.

The removal took place after September 1, 1948, the effective date of the revision of the laws relating to judicial procedure. 62 Stat. 992. The former provision governing removal, 28 U. S. C. (1946 ed.) § 71, read:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

The new section, 28 U. S. C. § 1441 (c), states:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

One purpose of Congress in adopting the "separate and independent claim or cause of action" test for removability by § 1441 (c) of the 1948 revision in lieu of the provision for removal of 28 U. S. C. (1946 ed.) § 71, was by simplification to avoid the difficulties experienced in determining the meaning of that provision.[1] Another and im-

---

[1] See Reviser's Notes with H. R. Rep. No. 308, 80th Cong., 1st Sess., April 25, 1947, to accompany the revision bill, H. R. 3214. (U. S. C., Cong. Serv., for Title 28, 1948, pp. 1697, 1699, 1855.) The Reviser's Note is reprinted at 28 U. S. C. § 1441. See *United States* v. *National City Lines,* 337 U. S. 78, 81.

10

portant purpose was to limit removal from state courts.[2] Section 71 allowed removal when a controversy was wholly between citizens of different states and fully determinable between them. Such a controversy was said to be "separable." The difficulties inherent in old § 71 show plainly in the majority and concurring opinions in *Pullman Co.* v. *Jenkins,* 305 U. S. 534, 542. See Note, 41 Harv. L. Rev. 1048. Often plaintiffs in state actions joined other state residents as defendants with out-of-state defendants so that removable controversies wholly between citizens of different states would not be pleaded. The effort frequently failed, see *Pullman Co.* v. *Jenkins,* at 538, and removal was allowed. Our consideration of the meaning and effect of 28 U. S. C. § 1441 (c) should be carried out in the light of the congressional intention. Cf. *Pullman Co.* v. *Jenkins, supra,* at 547; *Phillips* v. *United States,* 312 U. S. 246, 250.

The Congress, in the revision, carried out its purpose to abridge the right of removal.[3] Under the former provi-

---

[2] 28 U. S. C. § 1441, Reviser's Note:

"Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of United States District Courts. In this respect it will somewhat decrease the volume of Federal litigation."

Congress had enacted other restrictions on removal in special acts such as the Federal Employers' Liability Act. 28 U. S. C. (1946 ed.) § 71; 28 U. S. C. § 1445.

[3] Care was taken to maintain opportunity for state trial of nonfederal matters.

28 U. S. C. § 1441, Reviser's Note:

"Rules 18, 20, and 23 of the Federal Rules of Civil Procedure permit the most liberal joinder of parties, claims, and remedies in civil actions. Therefore there will be no procedural difficulty occasioned by the removal of the entire action. Conversely, if the court so desires, it may remand to the State court all nonremovable matters."

See *McFadden* v. *Grace Line,* 82 F. Supp. 494.

sion, 28 U. S. C. (1946 ed.) § 71, separable controversies authorized removal of the suit. "Controversy" had long been associated in legal thinking with "case." It covered all disputes that might come before federal courts for adjudication. In § 71 the removable "controversy" was interpreted as any possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states. So, before the revision, when a suit in a state court had such a separable federally cognizable controversy, the entire suit might be removed to the federal court.[4]

A separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare *Barney* v. *Latham*, 103 U. S. 205, 212, with the revised § 1441. Congress has authorized removal now under § 1441 (c) only when there is a separate and independent claim or

---

[4] *Barney* v. *Latham*, 103 U. S. 205, is a good illustration. This Court held that there were separable controversies in a state court suit against a local corporation and nonresident individuals for an accounting on land sales. One group of sales was by the nonresidents before conveyance to the corporation; the other by the corporation after conveyance.

See also *Pullman Co.* v. *Jenkins*, 305 U. S. 534. There a suit was instituted in a California court for damages for a conductor's death caused by a drunken Pullman passenger. The defendants were the passenger (a Californian), the railroad (a Kentucky corporation, allegedly negligent for letting the passenger pass its gates), the Pullman Company (an Illinois corporation), and its porter (a Californian), the latter two allegedly negligent for letting the passenger on the Pullman. Had the porter not been a Californian, the Pullman Company could have removed on the ground of a separable controversy because no facts were alleged as to other defendants' negligence upon which its liability could be predicated. P. 539. "[A]ll persons interested in a separable controversy must be able to remove." Discussed in Moore's Commentary on the U. S. Judicial Code, p. 247.

cause of action.[5]   Of course, "separate cause of action" restricts removal more than "separable controversy."   In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies.[6]   The addition of the word "independent" gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to "separate and independent . . . cause of action." § 1441. Although "controversy" and "cause of action" are treated as synonymous by the courts in situations where the present considerations are absent,[7] here it is obvious different concepts are involved.[8]   We are not unmindful that the phrase "cause of action" has many meanings.[9]   To accomplish its purpose of limiting and simplifying removal, Congress used the phrase "cause of action" in an accepted meaning to obtain that result.   By interpretation we should not defeat that purpose.

In a suit turning on the meaning of "cause of action," this Court announced an accepted description.   *Balti-*

---

[5] We think the "claim" set out in a petition states the facts upon which the "cause of action" rests.   For the purpose of removal, the words cover the same allegations.

Since the *Pullman* case and the *Barney* case do not contain separate and independent causes of action, they would not now be removable under 28 U. S. C. § 1441.

[6] See note 4, *supra.*

[7] *E. g., Tolbert* v. *Jackson,* 99 F. 2d 513, 514 (a valuable case); *Des Moines Elevator & Grain Co.* v. *Underwriters' Grain Assn.,* 63 F. 2d 103; *Nichols* v. *Chesapeake & Ohio R. Co.,* 195 F. 913.

[8] See note 1, *supra.*

[9] *United States* v. *Memphis Cotton Oil Co.,* 288 U. S. 62, 67–69; *Bemis Bro. Bag Co.* v. *United States,* 289 U. S. 28, 33; *Hurn* v. *Oursler,* 289 U. S. 238, 247.

*more S. S. Co.* v. *Phillips,* 274 U. S. 316.[10]   This Court said, p. 321:

"Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them.   In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

See *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, 443.[11] Considering the previous history of "separable controversy," the broad meaning of "cause of action," and the

---

[10] There a sailor filed a libel in admiralty and recovered for negligence in failing to provide a safe place to work, in failing to use reasonable care to avoid striking libellant, for unseaworthiness, incompetency of officers and failure to instruct plaintiff, an inexperienced sailor, in his duties.   Later he sought further damages for the same accident, for negligence of officers and employees in the operation of the vessel.   Recovery was denied in the second suit on the ground that it was the same cause of action as the first.

[11] In *Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304, 311, we accepted a like state rule: "The state courts seem to have treated the complaint as setting up several bases for a single common-law cause of action in tort which had been remanded for retrial at the time the new statute was enacted.   We must regard it in that same light." So in *Hurn* v. *Oursler,* 289 U. S. 238, 246: "The bill alleges the violation of a single right, namely, the right to protection of the copyrighted play.   And it is this violation which constitutes the cause of action.   Indeed, the claims of infringement and unfair competition so precisely rest upon identical facts as to be little more than the equivalent of different epithets to characterize the same group of cir-

14

congressional purpose in the revision resulting in 28 U. S. C. § 1441 (c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441 (c).[12]

In making this determination we look to the plaintiff's pleading, which controls. *Pullman Co.* v. *Jenkins,* 305 U. S. 534, 538.[13] The single wrong for which relief is sought is the failure to pay compensation for the loss on the property. Liability lay among three parties, but it was uncertain which one was responsible. Therefore, all were joined as defendants in one petition. First, facts were stated that made the petitioner, American Fire and Casualty Company, liable. It was alleged that the company, through its agent Reiss, insured the property destroyed for the amount claimed, that Reiss gave plaintiff credit for the premium, controlled her insurance, agreed to keep the property insured at all times. She further

cumstances. The primary relief sought is an injunction to put an end to an essentially single wrong, however differently characterized, not to enjoin distinct wrongs constituting the basis for independent causes of action." See *Behrens* v. *Skelly,* 173 F. 2d 715, 719; *Cope* v. *Anderson,* 331 U. S. 461, 466.

[12] See a discussion of cause of action in code pleading. Clark on Code Pleading (2d ed.), 137 *et seq.*

[13] Moore's Commentary on the U. S. Judicial Code, *supra,* pp. 251–252: "But where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441 (c). At most a separable controversy is presented where several or alternative liability is alleged, and is no longer the basis for removal." Compare the opinion in *Bentley* v. *Halliburton Oil Well Cementing Co.,* 81 F. Supp. 323, with the reversing opinion in 174 F. 2d 788.

alleged that the Company issued the policy but Reiss retained the document in his possession and refused to deliver it after the fire. Then followed a prayer for judgment against the Company.

The next portion of the complaint stated, in the alternative, an obligation by the Indiana Lumbermens Insurance Company to pay the same loss. The policy with Lumbermens was attached as an exhibit, and allegations concerning Reiss similar to those in the first portion were made. A second prayer was added for recovery against Lumbermens.

The last portion of the complaint, alternative to both the preceding, alleged that Reiss, American Fire and Casualty Company and Indiana Lumbermens Insurance Company were jointly and severally liable for the loss. Reiss was said to be plaintiff's insurance broker, responsible for keeping her house insured. Plaintiff alleged Reiss insured her property with Lumbermens and never notified her of any cancellation or expiration. Reiss was alleged to have agreed later to insure her property with American, to have promised after the fire to deliver the policy, to have failed to make the promised delivery. She claimed that Reiss was responsible for "anything that results in the defeat of her recovery on either one of said policies" and that he was "the direct cause of the condition, of said insurance, and the proximate cause of all of plaintiff's troubles and confusion." The pleader then asserted:

> "That such acts and conduct on the part of said Joe Reiss as agent for the said two insurance companies, renders said Joe Reiss, agent, the Joe Reiss Insurance Agency and the American Fire and Casualty Insurance Company of Orlando, Florida, and the Indiana Lumbermens Mutual Insurance Company of Indianapolis, Indiana, jointly and severally

liable for the full amount of the damages that plaintiff has suffered by reason of said fire in the amount of Five Thousand Dollars."

The petition concluded with a prayer for joint and several judgment against all three defendants, based on the third set of allegations.

The past history of removal of "separable" controversies, the effort of Congress to create a surer test, and the intention of Congress to restrict the right of removal leads us to the conclusion that separate and independent causes of action are not stated. The facts in each portion of the complaint involve Reiss, the damage comes from a single incident. The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441 (c) requires. Therefore, we conclude there was no right to removal.

## II.

There are cases which uphold judgments in the district courts even though there was no right to removal.[14]   In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment. That is, if the litigation had been initiated in the federal court on the issues and between the parties that comprised the case at the time of trial or judgment, the federal court would have had cognizance of the case. This circum-

---

[14] *Baggs* v. *Martin*, 179 U. S. 206; *Toledo, St. L. & W. R. Co.* v. *Perenchio*, 205 F. 472; *Handley-Mack Co.* v. *Godchaux Sugar Co.*, 2 F. 2d 435; *Bailey* v. *Texas Co.*, 47 F. 2d 153.

stance was relied upon as the foundation of the holdings.[15] The defendant who had removed the action was held to be estopped from protesting that there was no right to removal. Since the federal court could have had jurisdiction originally, the estoppel did not endow it with a jurisdiction it could not possess.

In this case, however, the District Court would not have had original jurisdiction of the suit, as first stated in the complaint, because of the presence on each side of a citizen of Texas. 28 U. S. C. § 1332. The posture of this case even at the time of judgment also barred federal jurisdiction. A Texas citizen was and remained a party defendant. The trial court judgment, after decreeing recovery against American Fire and Casualty Company on the jury's verdict, added, over American's objection,

> "It Is Further Ordered, Adjudged and Decreed that the Plaintiff take nothing as against Defendants, Indiana Lumbermens Mutual Insurance Company and Joe Reiss, individually and doing business as the Joe Reiss Insurance Agency, and that such Defendants go hence without day with their costs."

By this decree the merits of the litigation against Reiss were finally adjudicated.[16] The request of respondent to dismiss Reiss after the judgment was not acted upon by the trial court.

The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by

---

[15] *E. g.,* in *Baggs* v. *Martin,* 179 U. S. 206, the federal court had jurisdiction over the property in the hands of the receiver and it was not a proceeding wherein "mere consent, or even voluntary action by the parties, . . . [conferred] jurisdiction upon a court which would not have possessed it without such consent or action." P. 209.

[16] See *Burton-Lingo Co.* v. *Lay,* 142 S. W. 2d 448; *Spann Brothers Auto Supply Co.* v. *Miles,* 135 S. W. 2d 1016, 1017.

prior action or consent of the parties.[17]    To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.

The judgment of the Court of Appeals must be reversed and the cause remanded to the District Court with directions to vacate the judgment entered and, if no further steps are taken by any party to affect its jurisdiction,[18]

---

[17] *People's Bank* v. *Calhoun*, 102 U. S. 256, 260–261: "It needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case.    If this were once conceded, the Federal courts would become the common resort of persons who have no right, either under the Constitution or the laws of the United States, to litigate in those courts."

*Mansfield, C. & L. M. R. Co.* v. *Swan*, 111 U. S. 379, 383, quoting with approval an excerpt from the dissent in the *Dred Scott Case:* "It is true . . . as a general rule, that the court will not allow a party to rely on anything as cause for reversing a judgment, which was for his advantage.    In this, we follow an ancient rule of the common law.    But so careful was that law of the preservation of the course of its courts, that it made an exception out of that general rule, and allowed a party to assign for error that which was for his advantage, if it were a departure by the court itself from its settled course of procedure."

Also see, *e. g., Wabash R. Co.* v. *Barbour,* 73 F. 513, 516; *Capron* v. *Van Noorden,* 2 Cranch 126.

[18] Issues not raised in the records or briefs are not passed upon, such as the propriety of the District Court's allowing, after vacation of judgment, a motion to dismiss Reiss, the resident defendant; or the associated problem: whether, if such a dismissal is allowed, a new judgment can be entered on the old verdict without a new trial. These questions and like matters are for the consideration and deci-

to remand the case to the District Court of Harris County, Texas, with costs against petitioner. *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454, 464.

*It is so ordered.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK and MR. JUSTICE MINTON concur, dissenting.

I think petitioner, having asked for and obtained the removal of the case to the Federal District Court, and having lost its case in that court, is now estopped from having it remanded to the state court.

Mere irregularity in the removal may be waived where the suit might originally have been brought in the Federal District Court. *Baggs* v. *Martin,* 179 U. S. 206.[1] That was a suit against a receiver which could have been instituted in the federal court. It was removed there by the receiver and judgment rendered against him. The court did not stop to inquire whether there had been a compliance with the removal provisions, holding that under those circumstances it did not lie in the mouth of the receiver to deny the jurisdiction he had sought. And see *Toledo, St. L. & W. R. Co.* v. *Perenchio,* 205 F. 472; *Handley-Mack Co.* v. *Godchaux Sugar Co.,* 2 F. 2d 435, 437; *Bailey* v. *Texas Co.,* 47 F. 2d 153, 155.

The suit against petitioner could have been brought originally in the Federal District Court, since there was diversity of citizenship and the claim under the fire insurance policy was over $3,000. The requirements of diversity of citizenship and jurisdictional amount may not,

sion of the District Court. See, *e. g., Dollar S. S. Lines* v. *Merz,* 68 F. 2d 594; *International Ladies' Garment Workers' Union* v. *Donnelly Garment Co.,* 121 F. 2d 561.

[1] As noted in *Bailey* v. *Texas Co.,* 47 F. 2d 153, 155, *Baggs* v. *Martin* displaces the view earlier expressed by the Court in *Torrence* v. *Shedd,* 144 U. S. 527, and *Martin* v. *Snyder,* 148 U. S. 663.

20

of course, be waived. But a different provision of the statute is involved here. It is § 1441 (c) of the Judicial Code which reads:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." 28 U. S. C. § 1441 (c).

The argument is that the suit against Reiss, the individual defendant, could not be removed since both he and the plaintiff were residents of Texas, and that the suits against the two nonresident corporations could not be removed because the claim asserted against them was not "separate and independent."

But the judgment sought to be reviewed here was rendered by the District Court only against petitioner who could have been sued there originally [2] and who invoked the jurisdiction of the District Court. As the court observed in the closely analogous case of *Bailey* v. *Texas Co., supra,* p. 155, "the resulting situation is equivalent to initiating an action in the District Court in which the defendant appears." [3] I think it is abusive of the interests of justice when the challenge now made is raised

---

[2] We have here no joint liability between a nonresident defendant and a resident defendant, as was the situation in *Chicago, B. & Q. R. Co.* v. *Willard,* 220 U. S. 413, 418. And see *Alabama Southern R. Co.* v. *Thompson,* 200 U. S. 206; *Rupp* v. *Wheeling & L. E. R. Co.,* 121 F. 825. The remedy sought against Reiss was alternative to the remedy sought against petitioner.

[3] In that case the parties who could not have been brought to the District Court by removal were after removal dismissed out of the case and judgment was rendered against a defendant who could have been sued in the District Court.

to the dignity of a jurisdictional question. Any requirement of § 1441 (c) that was not met in this case rose to no level higher than an irregularity, so far as petitioner is concerned. Both Reiss and the other nonresident defendant have been dismissed from the case. The only judgment before the Court is one which satisfies the requirements of original jurisdiction. Petitioner—the one who invoked federal jurisdiction and as a result suffered the consequences of this judgment—should not now be heard to complain. *Baggs* v. *Martin, supra,* should govern this case.