John ALEXANDER, Jr., and Gilbert Alexander, Plaintiffs,

v.

Duane Andre LASH, Defendant.

Civ. No. 2879.

United States District Court,
D. Hawaii.

March 17, 1970.

Frank D. Padgett, James Krueger, Honolulu, Hawaii, for plaintiffs; Padgett, Greeley, Marumoto & Akinaka, Honolulu, Hawaii, of counsel.

Albert Gould, James E. Duffy, Jr., Honolulu, Hawaii, for defendant; Cobb & Gould, Honolulu, Hawaii, of counsel.

## DECISION ON DEFENDANT'S MOTION TO REMAND

PENCE, Chief Judge.

The plaintiffs are John Alexander and his father, Gilbert Alexander. On July 11, 1968, on Maui, while driving his father's Datsun pickup truck along the Hana Highway, John Alexander collided with a car driven by Duane Lash. The truck was damaged, and John Alexander suffered injuries. The Alexanders filed suit against Lash on August 10, 1968, in the Circuit Court on Maui where the Alexanders live, each alleging damages of $10,000 or over. On September 9, 1968, Lash, a citizen of Kansas, removed the suit to this court. Now Lash, asserting that Gilbert Alexander claims only $3,600, part for damage to the truck and part for rental of a substitute truck, has moved to remand Gilbert Alexander's claim back to the state court.

This court is given removal jurisdiction by 28 U.S.C. § 1441.[1] Son John's claims here would be removable if sued upon alone, because diversity exists and his claims exceed $10,000. Thus the entire case falls within the court's removal jurisdiction if the father's claim is a separate and independent cause of action.

The phrase "separate and independent claim or cause of action" as used in § 1441(c) has been defined as "a single wrongful invasion of a single primary right." American Fire & Cas. Co. v. Finn, 341 U.S. 6, 13, 71 S.Ct. 534, 539, 95 L.Ed. 702 (1951). Here the defendant has invaded two primary rights: John's not to be negligently injured; and Gilbert's not to have his truck negligently damaged. The two invasions are not merged into one just because they occurred simultaneously.

Since two distinct rights were invaded, two separate and independent causes of action have arisen, and § 1441(c) gives this court jurisdiction over both. Orn v. Universal Automobile Association of Indiana, 198 F.Supp. 377 (E.D.Wis.1961). Thus this court has discretion under § 1441(c) either to remand or to retain Gilbert Alexander's claim.[2] In exercising this discretion the court may balance the extra burden to the federal courts against the extra burden to Gilbert that remanding his claim would create, and thereby forcing the plaintiffs to proceed on exactly the same causative facts in both state and federal courts. In *Finn, supra,* when the Court found but one cause of action, it could remand the entire case as lacking diversity, but here this court must retain John Alexander's claim. Since the extra burden to the plaintiffs of forcing them to proceed in two courts rather than one outweighs the extra burden to this court of retaining Gilbert Alexander's claim along with his son's claim, this court will retain Gilbert Alexander's claim.

Defendant's motion to remand is denied.

---

1. Section 1441(c) says:
   "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the *entire* case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matter not otherwise within its original jurisdiction." (Emphasis added.)

2. Hymer v. Chai, 407 F.2d 136 (9 Cir. 1969), is inapposite here; it concerned this court's jurisdiction under 28 U.S.C. § 1332(a) in an action commenced in this court, not a removal case under § 1441(c).