**Richard Glenn THOMAS, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 78–1587.**

United States District Court,
District of Columbia.

March 26, 1979.

Robert J. Sher and Harry W. Goldberg, Chevy Chase, Md., for plaintiff.

Joan Slous, Asst. Corp. Counsel, D. C., Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

This action involves a complaint against the District of Columbia under the theory of respondeat superior for assault and battery, false arrest, malicious prosecution, and violation of constitutional rights. Jurisdic-

tion is alleged under 28 U.S.C. § 1331. Following a three-day trial, the jury on March 9, 1979, returned a verdict in favor of the District of Columbia. Plaintiff has now moved to set aside that judgment on the ground that the Court lacked jurisdiction over the subject matter of the complaint.

■■■ The position taken by a litigant who has chosen a federal forum and has gone to some lengths to maintain it[1] and who now seeks to declare the suit a nullity after he has lost on the merits does not impress the Court. However, when it appears that a federal court lacks jurisdiction over the subject matter, the court is required to dismiss the action. Fed.R.Civ.P. 12(h)(3). Even the party who invoked the jurisdiction of the federal court is not estopped from raising lack of subject matter jurisdiction after a trial on the merits. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Although this inflexible rule has been criticized,[2] it compels the Court to examine a claim of lack of jurisdiction even at this stage of the proceedings.

Plaintiff's motion to set aside judgment adopts a motion filed by the District of Columbia shortly before trial to dismiss the case for lack of federal question jurisdiction.[3] The District of Columbia had argued that the recent decision of the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), forecloses use of the theory of respondeat superior in suits for constitutional torts brought under section 1331. In *Monell* the Supreme Court held that municipalities could not be held liable under a theory of respondeat superior for violations of section 1983. *Id.* at 694, 98 S.Ct. 2018.

The United States Court of Appeals for the District of Columbia Circuit has held, however, that the District government may be vicariously liable in a *Bivens* action for the constitutional torts of its employees. *Dellums v. Powell*, 184 U.S.App.D.C. 324, 566 F.2d 216, 225 (1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). This issue was not addressed in *Monell*, which was an action under 42 U.S.C. § 1983.

In *Finn*, the Court recognized that there are cases which uphold the judgment of the District Court although there was no right to removal.[4] Such cases include those in which the federal courts would have had jurisdiction originally. Here we have such a situation. *See Dellums, supra.*

■■■ Whether *Dellums* is overruled sub silentio by *Monell*, which was relied on by the District in its subsequently withdrawn motion and by plaintiff in his present motion, only time will tell. *Dellums* is authority for concluding that jurisdiction exists in this Court when the complaint alleges a constitutional tort. It has not been overruled and accordingly, plaintiff's motion is denied.

---

1. The complaint originally filed in this action did not contain a claim for violation of constitutional rights and was jurisdictionally based on diversity of citizenship, 28 U.S.C. § 1332. Defendant moved to dismiss this complaint on the ground that the District of Columbia is not a citizen for purposes of diversity jurisdiction. Plaintiff then sought to amend his complaint, adding a cause of action for violation of constitutional rights and basing jurisdiction on the existence of a federal question, 28 U.S.C. § 1331. The District of Columbia indicated that it would withdraw its motion to dismiss and answer the amended complaint, which was ordered filed.

2. Professor Moore has stated his opinion that it is "very questionable" whether a party who has invoked the federal court's jurisdiction should be allowed to raise lack of federal jurisdiction after he has lost on the merits. 1 *Moore's Federal Practice* ¶ 0.60(4) (2d ed. 1948).

3. This motion was held under advisement by the Court during the trial and was withdrawn by defendant after the jury verdict in its favor.

4. 431 U.S. at 16.