Wallace BONNEY and Doris
Bonney, Plaintiffs,

v.

The UPJOHN COMPANY, a Delaware
Corporation, Defendant.

No. K75–86 CA4.

United States District Court,
W. D. Michigan, S. D.

Sept. 23, 1981.

---

Harry Lieffers, Jr., Grand Rapids, Mich., for plaintiffs.

Lawrence T. Welch, Upjohn Co., Patent Law Dept., Kalamazoo, Mich., for defendant.

## OPINION

DOUGLAS W. HILLMAN, District Judge.

The complaint in this case was filed February 26, 1975. Jurisdiction allegedly was based upon diversity. Plaintiffs, Wallace and Doris Bonney, stated they were residents of Grand Rapids, Michigan, and that defendant, The Upjohn Company, ("Upjohn") was a Delaware corporation. The complaint further alleged injury to plaintiffs as the result of plaintiff Wallace Bonney having ingested a product known as Lincocin manufactured by the defendant. Following considerable discovery, defendant filed a motion for summary judgment based upon the running of the statute of limitations. Following extensive briefing and oral argument, the court issued an opinion denying the motion. The court ruled that the date plaintiff knew or should have known he had a claim against defendant was primarily a question of fact and could not be decided on motion.

The opinion was filed March 27, 1980. In April of 1980, defendant apparently realized for the first time that no diversity existed since Upjohn's Company's principal place of business was located in Kalamazoo, Michigan. Plaintiffs were also residents of Michigan. Thereafter, the case was dismissed by stipulation. It is the court's understanding that the case is presently pending in the Michigan state court.

On July 20, 1981, Upjohn moved this court for an order to vacate its opinion and order denying defendant's motion for summary judgment dated March 27, 1980, reported at 487 F.Supp. 486 (W.D.Mich.1980).

Defendant claims the court's decision to be *coram non judice*, which as any first-year law student knows means in presence of a person not a judge! *Black's Law Dictionary* goes on to say: "When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be *coram non judice*, and the judgment is void."

Despite the fact that the case was dismissed on stipulation, defendant advises in its brief that the opinion has been cited contrary to what presumably the defendant believes to be its best interest.

Admittedly, as it now appears, this court did not have jurisdiction of the parties since both were residents of the State of Michigan. Just why this was not recognized immediately by defendant is not explained. In *American Fire and Casualty Company v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950), a suit was removed from state court to the federal district court and judgment was entered against the petitioner. It was later held that there was no right to removal. The United States Supreme Court under those circumstances held, at p. 18:

> "To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them."

Mourn as we might the wasted hours of hard work as well as the irreparable loss to the annals of legal literature of the court's interpretation of Michigan law, I see no reason why the opinion should be given precedential value when, in fact, the court lacked subject matter jurisdiction at the time the opinion was written. Likewise,

from a practical standpoint, it is difficult to see that granting defendant's motion will adversely affect plaintiffs. Presumably, the statute of limitations question again will be raised in state court. Obviously, the learned Michigan trial judge is free to adopt or reject the reasoning of my opinion regardless of what action is presently taken on defendant's motion. Consequently, defendant's motion is granted.

IT IS SO ORDERED.