**SURPLUS MARKETING SERVICE IN-SURANCE AGENCY, INC., Plaintiff,**

v.

**MARSH & McLENNAN, INC., et al., Defendants.**

Civ. No. 83–1717–S.

United States District Court,
D. Massachusetts.

Sept. 13, 1983.

---

Kieran B. Meagher, Boston, Mass., for plaintiff.

Robert L. Farrell, Parker, Coulter, Daley & White, Robert M. Buchanan, Frank J.

Bailey, Sullivan & Worcester, Boston, Mass., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

SKINNER, District Judge.

This action was removed from the state court by petition of defendant Northbrook Excess and Surplus Insurance Company ("Northbrook"), dated June 14, 1983. On June 23, 1983, the plaintiff moved to remand for improvident removal. The claims against Northbrook are independently removable but the claims against Marsh & McLennan, Inc. are not because there is no diversity of citizenship. Plaintiff argues that the claims brought against the two defendants are not "separate and independent" as required by 28 U.S.C. § 1441(c).

■ The governing interpretation of the "separate and independent" requirement in this circuit is found in *New England Concrete Pipe v. D/C Systems, Inc.,* 658 F.2d 867 (1st Cir.1981):

> What should determine the applicability of § 1441(c), however many wrongs may comprise a particular suit, is whether those wrongs arise from an interlocked series of transactions, that is, whether they substantially derive from the same facts.

658 F.2d at 874, n. 12. Multiple theories of recovery, multiple claims, multiple defendants and differing requests for relief against different defendants do not control. 658 F.2d at 872–874.

■ For the purposes of determining whether the claims are "separate and independent", the plaintiff's pleadings at the time the petition for removal was filed control. 658 F.2d at 872, n. 8. The claims described in the complaint are (1) defendant Northbrook's alleged breach of its agreement to insure Subaru of New England; (2) Northbrook's allegedly wrongful termination of its brokerage agreement with the plaintiff; (3) Marsh & McLennan, Inc.'s and Northbrook's subsequent refusal to pay commissions to plaintiff on the replacement coverage they arranged for Subaru. Marsh

was involved with the Subaru contract from the beginning, and in fact, issued its company binder on the contract which Northbrook eventually broke. Although plaintiff acknowledges at paragraph 23 of his complaint that Marsh & McLennan, Inc. and Northbrook agreed to issue replacement coverage to Subaru after Northbrook terminated the brokerage agreement, the early involvement of Marsh & McLennan, Inc. in the contract, the close proximity in time of all the transactions, and the allegations of concerted harassment of the plaintiff by the defendants persuade me that all three claims should be seen as arising from substantially the same wrong, namely, the deprivation of the plaintiff of the commission to which he was entitled and the destruction of his business. Cf. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In my opinion, the claims are not separate and independent.

Plaintiff's motion to remand for improvident removal is ALLOWED. The case is remanded to the Trial Court for the Commonwealth of Massachusetts, Superior Court Department, Suffolk County, pursuant to 28 U.S.C. § 1447(c).