917 F.2d 564
 RICO Bus.Disp.Guide 7614
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles FOREN, et al., Plaintiffs-Appellants,
v.
BARCLAYS AMERICAN/FINANCIAL, INC., et al., Defendants-Appellees.
 No. 89-6372.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment dismissing the plaintiffs' complaint for failure to state a claim on which relief could be granted. The plaintiffs, Charles and Evelena Foren and two automobile dealerships owned by them, sued Barclays American/Financial, Inc., Bill Reed, and Marion Daily in a Tennessee state court in Memphis. The complaint asserted various claims arising out of an agreement under which Barclays agreed to finance cars sold by the dealerships. The complaint also included the following statement:
 
 
 2
 "Upon information and belief, plaintiffs have reason to and do believe that one of the defendants, Barclays American/Financial, Inc., may have violated Title 18, Sections 1961 through 1968 of the U.S.Code (1984 and Supp.1986) ("RICO"), and upon further investigation the plaintiffs may request the removal of this matter to Federal Court for the appropriate proceedings against these Defendants."
 
 
 3
 Although this statement obviously was not sufficient to confer federal-question jurisdiction, the defendants removed the case to the United States District Court for the Western District of Tennessee. The Forens, who apparently did not contest the removal petition, subsequently filed a revised complaint in the district court. This version, which omitted any mention of a possible RICO violation, dropped the corporate plaintiffs and alleged that there was complete diversity of citizenship.
 
 
 4
 After a series of motions, the Forens amended their complaint again. The amendment reintroduced the corporate plaintiffs, which are citizens of Tennessee. Defendant Bill Reed is likewise a citizen of Tennessee, so diversity of citizenship did not exist. The amended complaint still did not allege any violation of RICO.
 
 
 5
 On motion of the defendants, the district court dismissed the amended complaint for failure to state a claim. This appeal followed. Because we conclude that the district court lacked jurisdiction over the subject matter of the case, we shall vacate the court's judgment and direct that the case be remanded to the Tennessee state court.
 
 
 6
 This case does not fall within any grant of federal jurisdiction. The absence of diversity rules out jurisdiction under 28 U.S.C. Sec. 1332, and the complaint does not allege a federal question within the meaning of 28 U.S.C. Sec. 1331. Lacking jurisdiction, the district court ought to have remanded the case to the Tennessee court from which it had been removed. See American Fire & Casualty v. Finn, 341 U.S. 6, 18-19 (1951).
 
 
 7
 The judgment of the district court is VACATED, and the case is REMANDED to the district court for remand to the state court.