**Billy J. FONTENOT, Individually and as Executor of the Estate of Cliff J. Fontenot, Jr., Deceased, et al.**

v.

**FINA OIL & CHEMICAL COMPANY, et al.**

No. 1:90–CV–0271.

United States District Court, E.D. Texas, Beaumont Division.

June 11, 1991.

Martin Douglas Barrie, Umphrey Burrow Reaud Williams & Bailey, Houston, Tex., for plaintiffs.

Gail Cucancic Jenkins, Benckenstein Norvell Bernsen & Nathan, Wayne E. Revack, Beaumont, Tex., for Fina Oil & Chemical Co.

John G. Bissell, Strong Pipkin Nelson & Bissell, Beaumont, Tex., Joseph R. Bankoff, King & Spalding, Atlanta, Ga., James D. Miller, King & Spalding, Washington, D.C., for Atlantic Richfield Co.

B. Stephen Rice, Hayes, McConn, Price & Pickering, Houston, Tex., for Fisher Scientific Co.

Curry Lynn Cooksey, Orgain Bell & Tucker, Beaumont, Tex., for Curtin Matheson Scientific, Inc., W.H. Curtin & Co, Inc. and B.P. Sohio.

F. Walter Conrad, Baker & Botts, Houston, Tex., for BP Oil Co.

## MEMORANDUM OPINION

COBB, District Judge.

On April 19, 1990, the defendant Atlantic Richfield Company (ARCO) filed a notice of removal, removing this case from the 136th District Court of Jefferson County, Texas. On May 8, 1990, the plaintiffs filed a mo-

tion to remand. On September 12, 1990, the motion to remand was denied.

On April 24, 1991, following suggestion by this court, the plaintiffs filed a motion to reconsider the motion to remand. The defendants have now filed their responses to the motion to reconsider the motion to remand. The court has reviewed the motion and responses, and finds the motion to reconsider the motion to remand should be, and is hereby, DENIED.

This case was removed pursuant to 28 U.S.C. § 1332 and § 1441(c). § 1441(c) was amended to prohibit removal under that section based on diversity jurisdiction, § 1332. The effective date of that amendment, however, was December 1, 1990. The notice of removal in this case was filed April 19, 1990, and consequently removal under § 1441(c) based on diversity jurisdiction is not barred.

§ 1441(c) permits removal where a "separate and independent claim" is joined with any otherwise non-removable claims. Originally this case involved claims for gross negligence against three defendants, ARCO, Fina Oil & Chemical Company (Fina), and B.P. Oil Company (B.P),[1] all of whom has employed plaintiffs' decedent; and various tort claims against other defendants, 11 of whom had supplied benzene to the plant where plaintiffs' decedent was employed. The various claims against the supplier defendants have now been voluntarily dismissed. The sole remaining issue is whether this court has jurisdiction over the gross negligence claims brought against the three employer defendants.

The jurisdiction claimed by ARCO as the basis for the removal was jurisdiction pursuant to § 1332, diversity jurisdiction. All the plaintiffs are Texas residents. ARCO is a Delaware corporation with its principal place of business in California. B.P. is an Ohio corporation, with its principal place of business in Ohio. Diversity clearly exists as to these two defendants. Fina is a Delaware corporation, but mention was made at a hearing before this court that Fina's principal place of business is in Tex-

as. If in fact, Fina is not diverse from the plaintiffs, jurisdiction may nevertheless survive under § 1441(c), if the claims against ARCO or B.P., otherwise removable, are separate and independent from the claims against Fina.

The United States Supreme Court has clearly stated that in determining whether claims are separate and independent as described in § 1441(c), "we look to the plaintiff's pleading, which controls." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (citation omitted). If the pleading alleges "a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* (citation omitted).

The facts as alleged in the plaintiffs' pleading in this case are simple. According to the pleading, from approximately 1952 to approximately 1983, plaintiffs' decedent, Cliff J. Fontenot, Jr., was employed at a Beaumont, Texas plant. The plant was successively owned by, and decedent was successively employed by, Fina, B.P., and ARCO during that time. Plaintiffs allege in the course of Cliff Fontenot's employment, he was exposed to the chemical benzene and products containing benzene. The plaintiffs further allege such exposure was the proximate cause of Cliff Fontenot's multiple myeloma, which resulted in his death.

The questions before this court are whether or not the alleged gross negligence of three successive employers constitutes a single wrong to a single primary right of the plaintiffs' decedent, and whether or not successive ownership of a plant constitutes an interlocked series of transactions. Obviously, plaintiffs argue a single wrong was committed, via an interlocked series of transactions. This finding would mandate remand. Defendants argue three separate transactions are alleged. This finding would support removal.

1. Defendant B.P. Oil Company was not properly named in the plaintiffs' original petition, but that issue is the subject of a separate motion to dismiss filed by B.P.

### 1. *A Single Wrong to a Single Right*

In applying *Finn,* the Fifth Circuit has said "[t]o determine if there is a single wrong, the court must examine whether or not there was a wrongful invasion of a single *primary* right of the plaintiff, not how many different legal causes of action are alleged." *Addison v. Gulf Coast Contracting Services, Inc.,* 744 F.2d 494, 500 (5th Cir.1984) (emphasis in original) (citation omitted). In *Addison,* the Fifth Circuit found that "[i]f all damages come from a single incident or all claims involve substantially the same set of facts invasion of a single, primary right is indicated." *Id.* (citation omitted). The plaintiff in *Addison* had sustained an injury while employed as a roustabout on a fixed tank battery at Garden Island Bay, Louisiana. *Id.* at 495–96. The issue before the Fifth Circuit was whether plaintiff's Jones Act claim and maintenance and cure claim were separate and independent claims for purposes of § 1441(c) removal. *Id.* at 498.

The Fifth Circuit found that the plaintiff in *Addison* had received a single injury arising from a single occurrence. Further, his claims involved the same facts. *Id.* at 500. Additionally, as a matter of law, the *Addison* plaintiff's claims were closely associated. *Id.* Finally, Congress had specifically prohibited removal of a Jones Act claim if filed in state court. *Id.* at 501. Accordingly, the Fifth Circuit held the claims were not separate and independent, and ordered the case remanded to state court.

The facts as alleged before this court are somewhat different. Although both plaintiffs and defendants here rely on *Addison,* this court finds *Addison* supports only the defendant's position. As alleged in the plaintiffs' pleading, three separate wrongful invasions of the decedent's rights have occurred. Evidence as to each company's knowledge and practices will have to be introduced, and it is entirely possible that evidence could show one, but not all, of the defendants was grossly negligent. The practices alleged do not involve substantially the same facts, since they could be completely different as to each defendant. Accordingly, this court finds there has not been alleged a single wrong to a single right.

### 2. *An Interlocked Series of Transactions*

Plaintiffs allege the successive ownership of the plant constitutes an interlocked series of transactions. According to the plaintiffs, the same employees supervised activities at the plant throughout the successive ownership, constituting the necessary interlocking.

This court finds that again, evidence will have to be introduced as to each defendant's knowledge and actions. A successor owner's actions cannot automatically be said to "interlock" with the actions of the predecessor owner. Again, the court must conclude a finding in favor of the defendants is correct.

### CONCLUSION

Because the plaintiffs seek only punitive damages against these defendants, recovery could be had against one that would not permit recovery against the others. Although plaintiffs have alleged joint and several liability, there cannot be such liability for punitive damages. *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363 (2d Cir.1988).

Additionally, under *Finn,* these claims are separate and independent. Accordingly, the motion to reconsider the motion to remand must be DENIED.