CENTURY FASTENERS
CORPORATION,
Plaintiff/Counterdefendant,

v.

SPACECOAST SUPPLY
CORPORATION,
Defendant,

and

Stephen P. Gordon,
Defendant/Counterclaimant.

No. 91–576–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 10, 1991.

Florence E. Harmon, Thomas Theron Steele, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for plaintiff/counterdefendant.

Steven Edward Waggoner, Sawyer & Pilka, P.A., Tampa, Fla., for defendant and defendant/counterclaimant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendants SPACECOAST SUPPLY CORPORATION'S (SPACECOAST) and STEPHEN P. GORDON'S (GORDON) motion to dismiss on the grounds of lack of diversity subject matter jurisdiction, filed July 23, 1991; memorandum in opposition to motion to dismiss, filed August 23, 1991 and affidavit in opposition to defendants' motion to dismiss, filed August 23, 1991. The complaint alleges breach of contract and breach of fiduciary duty by GORDON, and tortious interference with contractual relationship and unfair competition by SPACECOAST.

### ISSUES

I. Whether the Plaintiff has established with incontrovertible evidence that its principal place of business is at Elmhurst, New York?

II. Whether a contractual provision that specifies the location of a corporation's principal place of business may be disposi-

tive of the location of a corporation's principal place of business for diversity jurisdiction purposes?

## FACTS

Plaintiff brings this action against SPACECOAST and GORDON (collectively, "the Defendants"), for breach of contract; breach of fiduciary duty; tortious interference with contractual relationship, and unfair competition. Plaintiff alleges that this Court has the subject matter jurisdiction under the Constitution of the United States, Article 2, Section 2, and 28 U.S.C. Section 1332(a), the parties being of diverse citizenship and the amount in controversy exceeding $50,000, exclusive of interest and costs.

Plaintiff CENTURY alleges that it is a corporation organized and existing under the laws of New York, is registered to conduct business in Florida, and has its principal place of business in New York.

The Defendants, SPACECOAST and GORDON allege to be, respectively, a Florida corporation with a principal place of business in Tampa, Florida and a Florida resident.

The matter in dispute concerns the designation of Tampa, Florida as Plaintiff's principal place of business in the opening paragraph of a contract signed between Plaintiff and Defendant GORDON. Defendants, therefore, assert that Plaintiff CENTURY is estopped, by virtue of the written contract to contend that its principal place of business is anywhere other than the location specified in the contract. Defendants conclude then, that diversity jurisdiction is destroyed and moves the Court for entry of an order dismissing this action on the grounds of lack of jurisdiction.

Plaintiff filed a memorandum and an affidavit of CENTURY'S corporate officer, George Stieglitz, in opposition to Defendants' motion. In both documents, Plaintiff contends, inter alia, that CENTURY'S principal of business is in New York based on the following factors: 1) CENTURY'S corporate offices are located in New York; 2) CENTURY'S corporate officers have their offices in New York; 3) CENTURY'S corporate records, ledgers and accounts are maintained in New York; 4) CENTURY'S management decisions and policies are made and effectuated from New York; 5) Defendant GORDON was hired, supervised by the New York personnel and was paid from the CENTURY'S New York bank account; 6) all the sale proceeds, including those from the Tampa office, are remitted to the New York office where the New York staff performs administrative, fiscal and accounting operations for its accounts receivable and accounts payable; 7) CENTURY'S Corporate Annual Report for 1991 filed with the Florida Secretary of State lists the CENTURY'S principal place of business as New York; and 8) CENTURY's New York office prepares and files all tax returns and corporate filings for each of its branch office, including the Tampa, Florida office.

Plaintiff CENTURY, therefore, concludes that the introductory language in the contract at issue, which states Tampa, Florida to be CENTURY'S principal place of business referred only to the branch office for which the Defendant GORDON was to provide his services. Further, Plaintiff contends, this reference to Tampa should not be dispositive of the location of CENTURY'S principal place of business for jurisdictional purposes.

## DISCUSSION

The first question presented is whether Plaintiff has presented incontrovertible evidence that CENTURY'S principal place of business is in New York, and not in Tampa, Florida?

■ The federal district courts have original jurisdiction over civil matters between citizens of different States where the amount in controversy exceeds $50,000. Title 28 U.S.C. Section 1332(C) provides that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Vareka Investments, N.V. v. Amercian Investment Properties, Inc.*, 724 F.2d 907, 909 (11th Cir.1984), *cert. denied*, 469 U.S. 826,

105 S.Ct. 107, 83 L.Ed.2d 51 (1984). The question of a corporation's principal place of business is a question of fact, to be determined by the Court on a case-by-case basis.

■ In determining the extent of CENTURY'S corporate activity, the Court looks to the Eleventh Circuit which has adopted the "total activity" test as the legal standard for determining a corporation's principal place of business. *Id.* A review of all of CENTURY'S corporate activity shows that the managerial and policymaking functions are carried out in New York; the physical location of CENTURY'S corporate offices are in New York; the corporate records, ledgers, and accounts are maintained in New York; a majority of the CENTURY'S employees work in New York; and CENTURY'S payroll is administered and paid from New York. In sum, CENTURY has its greatest contacts with the people of New York. The evidence outlined in the Stieglitz Affidavit unequivocally demonstrates that CENTURY'S principal place of business is in New York.

■ The next question presented is whether a contractual provision that specifies a location of a corporation's principal place of business may be dispositive of the location of a corporation's principal place of business for federal diversity jurisdiction?

The federal courts have limited jurisdiction; thus, the parties by their actions cannot confer subject matter jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–03, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982). The federal court not only has the power, but also the obligation, at any time to inquire into jurisdiction whenever the possibility arises that jurisdiction does not exist.

Defendants contend that Plaintiff is affirming the contract when he is suing for its breach; and therefore, the contract establishes that Plaintiff's principal place of business is in Tampa, Florida. Accordingly, they assert Plaintiff should be estopped to deny that portion of the contract. As Plaintiff points out in his memorandum, Defendants cite no authority for this argument. Whereas, the case law is long established that parties cannot confer subject matter jurisdiction by agreement. *Id* at 702, 102 S.Ct. at .2104, citing *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

Although Plaintiff argues: that Defendant prepared the contract; that the contractual provision at issue is contained in an introductory, non-essential section of the contract; and that Defendants should not be permitted to destroy federal diversity jurisdiction by conferring legal connotations, unfamiliar to most non-attorneys, to the term "principal place of business" in a contract, the significance of the federal court's diversity jurisdiction does not hinge on such cited factors. Instead, in deciding whether or not a federal court has diversity subject matter jurisdiction over a corporation, the courts have looked at the character of the corporation, its purposes, the kind of business in which the corporation is engaged and situs of its operation are significant. *Northeast Nuclear Energy Co. v. General Electric Co.,* 435 F.Supp. 344, 345 (D.Conn.1977), and not on the parties stipulation.

■ In conclusion, a contract provision that specifies the principal place of business for the purposes of the contract is not controlling when determining diversity jurisdiction of the federal court.

ORDERED that the Motion to Dismiss of Defendants SPACECOAST and GORDON be denied. Defendants have ten (10) days from the date of this order to file an answer.

DONE and ORDERED.