UNITED STATES of America

v.

**Deborah GALU, Defendant.**

**91 Mag. 2069 (MDF) (VLB).**

United States District Court,
S.D. New York.

Dec. 16, 1992.

David L. Wales, Seth Farber, Asst. U.S. Attys., White Plains, NY, for U.S., and A.U.S.A.

Kevin P. Gilleece, Gilleece & Gilleece, White Plains, NY, for Deborah Galu.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

On October 30, 1991, a criminal complaint was filed against Deborah Galu under 18 U.S.C. § 876, which prohibits certain threatening communications. On April 2, 1992, United States Magistrate Judge Mark D. Fox found Ms. Galu incompetent to stand trial. He reaffirmed this finding by decision of August 7, 1992.

Although her assigned attorney had not done so, Ms. Galu thereafter sought in a handwritten *pro se* application, to challenge the court's subject matter jurisdiction over the case. Subsequently, on October 30, 1991 the United States Attorney moved to dismiss the complaint; this motion was granted by Judge Fox.

These developments raise these questions (1) is Ms. Galu's challenge to the subject matter jurisdiction still before me notwithstanding dismissal of the underlying complaint; (2) may that challenge be considered notwithstanding the unrevoked finding of incompetency in place at the time of the dismissal of the complaint; and (3) did the court have subject matter jurisdiction over the complaint. I answer all three questions in the affirmative, and I leave the complaint in the status of having been dismissed on motion of the United States rather than for lack of jurisdiction.

### II

■ Ms. Galu's motion challenging the subject matter jurisdiction of the court is not moot, because absence of subject matter jurisdiction might affect the legal status of the complaint with implications for, e.g., how records of this case should be categorized, what agencies should maintain them, and whether and how defendant might have to respond in the event of being asked in the future about prior criminal proceedings.

For example, if the criminal complaint was improper to begin with because its subject matter fell outside the jurisdiction of federal district courts, it might be appropriate to consider whether the complaint should be expunged for one or more purposes rather than merely dismissed. It is not necessary to determine at this juncture what consequences, if any, would arise from dismissal for lack of subject matter jurisdiction, as compared with those which would follow from dismissal at the request of the United States. See *Church of Scientology v. California*, — U.S. —, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (potential destruction of certain records if found improperly obtained). It is enough that such differences might exist. Under these circumstances, it is important to the rights of persons in Ms. Galu's position under Article III and the due process clause of the Fifth Amendment that the issue of subject matter jurisdiction be considered.

### III

A further threshold issue is whether the finding with respect to whether Ms. Galu was incompetent is a barrier to adjudication of the challenge to the court's jurisdiction over the criminal complaint. Without regard to whether that finding can survive dismissal of the underlying complaint, I conclude that incompetency should not be deemed a barrier to adjudication on such a question of law: the adjudication as to the

court's jurisdiction may be or can practicably be made preliminarily subject to reconsideration when and if the party regains competency.

■ While competency or a presumption of its existence (see *Medina v. California*, — U.S. —, 112 S.Ct. 2572, 120 L.Ed.2d 353 [1992]) is necessary to a criminal trial or criminal conviction (*Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 [1966]; *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 [1960]; *Greenwood v. United States*, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 [1955]), it has never been determined that preliminary matters cannot be resolved absent competency of a criminal defendant. A contrary ruling would be impracticable, as well as unfair to both society and defendants. The latter would suffer because they might be imprisoned indefinitely without the opportunity for threshold matters to be considered, merely because they could not fully assist their own defense—a paradox hardly consistent with due process.

Like subject matter jurisdiction, bail applications and requests for emergency relief of various types must necessarily be considered regardless of a party's competency, subject to reconsideration, if appropriate, once competency is re-established. If probable cause for a criminal charge were found absent on a preliminary hearing held in connection with a criminal complaint or a bail or other application, I assume that the Executive Branch would recommend appropriate dismissal or that the court would have the authority to grant it regardless of competency. Otherwise, a finding of incompetency could subject citizens to otherwise improper imprisonment because they would be unable to challenge such imprisonment in a fully effective manner and hence would not be allowed to challenge it at all. This is hardly a position "worthy of our great government," *United States v. Sears, Roebuck & Co.*, 778 F.2d 810, 818 (D.C.Cir.1985), quoting *Brandt v. Hickel*, 427 F.2d 53, 57 (9th Cir.1970). If incompetency were a barrier to challenging criminal prosecutions short of full trial, the result might undermine or bypass constitutional protections applicable to involuntary commitment generally as set forth in *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

I noted in a prior memorandum order of September 15, 1992, permitting Ms. Galu to choose whether or not to challenge the incompetency finding itself, that there are reasons for permitting a person found incompetent to exercise at least some autonomy, and to obtain a determination of probable cause concerning retention in the criminal justice system rather than being treated by whatever civil psychiatric procedures, if any, are appropriate. See New York State Bar Association, Committee on Federal Legislation, *The Dilemma of Mental Issues in Criminal Trials*, 41 N.Y.State B.J. 394, 396–98 (1969).

■ Subject matter jurisdiction, moreover, is almost always open to challenge, see generally *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988). Indeed the court has a duty to determine issues with respect to subject matter jurisdiction on its own initiative, see *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), even though its absence would not destroy the ability of the court to take measures short of ruling on the merits in order to manage the litigation brought before it. See *Willy v. Coastal Corp.*, — U.S. —, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

### IV

■ The criminal complaint in this case is within the subject matter jurisdiction of this court. The complaint is based on a federal criminal statute enacted by Congress prohibiting certain types of threats. That statute is obviously appropriate to protect the functioning of the national government and hence is authorized by Article I § 8, clause 18, authorizing enactment of "all laws which shall be necessary and proper" for carrying into execution the other powers granted by the Constitution.

**22**

See *In re Neagle,* 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55 (1890).

Legislation of this type has never been held invalid. Instead, it been recognized as appropriate in numerous cases, including the recent Supreme Court decision in *Hunter v. Bryant,* —— U.S. ——, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). Prosecutions under federal criminal statutes are brought under the laws of the United States and hence within federal judicial cognizance under Article III of the Constitution and Title 18 of the United States Code.

■ Jurisdiction exists to adjudicate complaints filed under the statute, including to enter convictions, acquittals, or—as here, dismissals. Such jurisdiction protects defendants as well as the public, since it is exercised to find parties charged not guilty as well as guilty, or to dismiss the charges as here at the request of the United States. See generally *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The latter disposition, already initially made by United States Magistrate Judge Mark D. Fox, is appropriate in this case, and I therefore treat it as the final as well as initial one.

## V

Since I have been informed that Ms. Galu has been released from custody, I direct the United States Attorney and her previously assigned counsel to forward copies of this memorandum order to her at her current address.

SO ORDERED.