**BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES FOR WESTERN ILLINOIS UNIVERSITY, Plaintiff,**

v.

**WEBER, GRIFFITH & MELLICAN, a corporation, et al., Defendants.**

**No. P–CIV–76–126.**

United States District Court,
S. D. Illinois, N. D.

Feb. 4, 1977.

**484**

John L. Morel, Bloomington, Ill., David B. McAfee, Chicago, Ill., for plaintiff.

Eugene L. White, Peoria, Ill., Franklin G. Allen and Arnold A. Pagniucci, Chicago, Ill., Barash & Stoerzbach, Galesburg, Ill., Harris & Harris, Macomb, Ill., Dent, Hampton & McNeela, Chicago, Ill., Heyl, Royster, Voelker & Allen, Peoria, Ill., for defendants.

ROBERT D. MORGAN, Chief Judge.

### DECISION AND ORDER ON MOTION TO REMAND

Plaintiff filed suit in the Circuit Court for the Ninth Judicial Circuit of Illinois, McDonough County, for damages caused by problems with curtain walls of four student dormitories at Western Illinois University. Defendants, in the order named in the caption, respectively, are the architect, who is alleged to have designed the buildings involved, the general contractor on construction of same, the surety on the general contractor's completion bond, and the subcontractor who actually furnished and installed the curtain walls in question.

The latter, H. H. Robertson Company, a Pennsylvania corporation, with its principal office at Pittsburgh, Pennsylvania, on alleged diversity of citizenship grounds, has removed the case to this court under section 1441(c) of Title 28, United States Code, and plaintiff has moved to remand. That motion is before the court.

Section 1441(c) provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues thereon, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

Clearly, plaintiff is an Illinois entity, and the architect and general contractor are citizens of Illinois, while Robertson is a citizen of Pennsylvania, for purposes of considering diversity of citizenship. Hence, there could be no complete diversity to permit any removal other than through section 1441(c).

It is also clear that unless remand is required, judicial economy and convenience of the parties and witnesses would suggest that this court keep the whole case, rather than to divide it, which would require at least two separate trials involving the same general subject matter, much the same facts and evidence, and many of the same people. The plaintiff and Robertson have exhaustively briefed the issue before the court on the motion for remand.

Robertson contends that all of the requirements of section 1441(c) are fully met, namely, that: (1) the plaintiff's claims against Robertson would be removable if sued upon alone; (2) the claims against the architect and general contractor are not removable; and (3) the claims against Robertson are separate and independent. If that be so, it has a right to removal which the court must recognize. If not, the motion to remand must be allowed.

Plaintiff contends there is no diversity of citizenship between it and Robertson because it, in effect, for this purpose, is the State of Illinois rather than a citizen of any state, and, in any event, that the claims

against Robertson are not separate and independent of the claims in suit against the other defendants.

It appears to this court that the latter contention of plaintiff is sound and that the decision is controlled by *American Fire and Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), which is closely in point and clearly states the law in this area. There, a Texas-insured, after a fire loss, sued two foreign fire insurance carriers and a Texas agent in Texas court, claiming one or all, jointly and severally, were liable for his loss. The companies removed to federal court where the case was litigated to judgment against American Fire. After affirmance in the Court of Appeals, American Fire obtained certiorari in the Supreme Court, which reversed, on the ground that there was no federal court jurisdiction or right of removal under § 1441(c), and directed remand to the Texas court. The opinion discusses what is necessary to constitute "a separate and independent claim or cause of action," and concludes that such does not exist where, as here, suit is filed against several defendants, in the alternative or otherwise, to achieve one recovery from the appropriate party or parties for a single "cause of action," i.e., Finn's fire loss or, as here, unsatisfactory curtain walls. *See Finn, supra* at pp. 14–15, 71 S.Ct. 534. The fact that different acts or failures to act on the part of the different individual defendants are alleged to indicate liability of the different individuals under different statutes or different theories of law simply does not make independent causes of action. Thus, even if Robertson could have properly removed to this court if sued alone (which this court does not decide), and even though the local claims here are not removable, section 1441(c) does not make the case removable, because the case against Robertson is not a separate and independent cause of action. Since there is not complete diversity here, the motion for remand must be allowed.

It must be conceded that there is apparent confusion in some of the dicta in decided cases in this field, but to the extent that any such state or imply a rule contrary to the result stated here, they are in conflict with the law of the land. *Finn* was most lately cited with approval by a unanimous Supreme Court of the United States for this rule in *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699 at pp. 704 and 705, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

Accordingly, IT IS ORDERED that the motion to remand is ALLOWED and this case is REMANDED to the Circuit Court for the Ninth Judicial Circuit of Illinois, McDonough County, where it was originally filed.