**ANDERSON COUNTY, TENNESSEE By and Through its BOARD OF EDUCATION AND COUNTY COMMISSIONERS, and The Home Insurance Company**

v.

**GOODSTEIN, HAHN, SHORR & ASSOCIATES, and Richards & Associates, Inc.**

**Civ. No. 3–82–63.**

United States District Court, E. D. Tennessee, N. D.

March 29, 1982.

---

Mike Lawson, Clinton, Tenn., McAfee Lee, Knoxville, Tenn., Lynn M. Schubert, Atlanta, Ga., for plaintiffs.

Jay Arthur Garrison, L. Anderson Galyon, III, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiffs filed this action in the Anderson County, Tennessee Circuit Court against defendant Goodstein, Hahn, Shorr & Associates (Goodstein). On February 2, 1982, plaintiffs amended their complaint to add defendant Richards & Associates (Richards) as a defendant. Defendant Richards removed the case to this Court. In its petition for removal Richards contends that it was sued solely to destroy diversity and that it was fraudulently joined as a defendant. It appears from the pleadings that plaintiff Anderson County and defendant Goodstein are residents of Tennessee. Plaintiff Home Insurance Company is a New Hampshire corporation. Defendant Richards is a Georgia corporation. The case is presently before the Court on plaintiffs' motion to remand the case to the Anderson County Circuit Court, defendant Richards' motion to amend its petition for removal and defendant Goodstein's motion to remove the entire case to this Court.

Defendant Richards seeks to amend its petition for removal by adding that the removal is made pursuant to 28 U.S.C. § 1441(c), which provides that

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Relying on this statute, Richards contends that the claim against it is separate and independent from the claim against Goodstein. All parties agree that the only jurisdictional basis for removal is diversity of citizenship.

In the original complaint, plaintiffs allege that defendant Goodstein contracted with

Anderson County to design and supervise construction of a high school. Plaintiff Home Insurance Company contends that it, as surety, issued a performance bond whereby the general contractor, George S. Rush, d/b/a Rush Engineers, was named as principal and Anderson County Board of Education was named as obligee. Plaintiffs contend that Goodstein breached its contract with Anderson County by failing to advise Anderson County of deviations from the plans and specifications and by certifying that work was being performed in accordance with plans and specifications, thereby causing it to continue to make payments to the contractor. Plaintiff Home Insurance Company alleges that it has discharged its obligations to Anderson County under the performance bond and is therefore subrogated to all or a part of its rights. Plaintiffs seek damages based on theories of breach of contract and negligence.

In the amended complaint plaintiffs allege that defendant Richards subcontracted with the general contractor to construct the mechanical work on the project. Plaintiff Anderson County alleges that it was a third party beneficiary of this subcontract. Plaintiffs allege that the work done by Richards was defective and was of such poor quality as to constitute a breach of the subcontract. Plaintiff Home Insurance Company alleges that it, as surety for Rush Engineers, paid Richards for the work and is subrogated to and has been assigned all of Rush Engineers' rights against Richards. Plaintiffs seek damages based on theories of breach of contract, breach of warranties, negligence and gross negligence.

In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Court discussed the test for removability under 28 U.S.C. § 1441(c). The Court determined that Congress intended to restrict removability of cases under § 1441 and defined "separate and independent . . . cause of action" accordingly. The Court stated its holding as follows:

> we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

341 U.S. at 14, 71 S.Ct. at 540 (footnote omitted). The United States Court of Appeals for the Sixth Circuit has stated the test this way:

> where a plaintiff seeks to recover for a single injury arising from a series of interrelated events, and whether he sues several defendants jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under § 1441(c).

*Union Planters National Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977).

In *Finn*, plaintiff sought recovery against three defendants for failure to pay compensation for a fire loss. Two policies of insurance were at issue and it was uncertain which policy, if either, covered the loss. The Court held that separate and independent causes of action were not stated because the damage came from a single incident and the allegations against the defendants involved substantially the same facts and transactions.

In *Union Planters*, the plaintiff sued CBS, Stax Records and two individuals after Stax defaulted on a loan. Stax and the individuals who guaranteed the loan were sued on the debt. CBS was sued for deceit, misrepresentation and fraud in causing plaintiff to agree to subordinate its security interest in Stax's assets in favor of CBS. Plaintiff also alleged that CBS took various steps to gain control of Stax to the detriment of Stax and its creditors. The Court held that plaintiff had suffered a single wrong; it was deprived of payments due on its loans. Therefore the action against CBS was not removable under § 1441(c).

The allegations in the present case arise from an interlocked series of transactions, namely contracts to construct a high school. Plaintiffs have been damaged by a single wrong—the high school was not properly constructed. That two contracts are involved does not mean that the actions are separate and independent. *Board of Governors of State Colleges and Universi-*

ties for *Western Illinois University v. Weber, Griffith and Mellican*, 426 F.Supp. 483 (S.D.Ill.1977). In the opinion of the court, plaintiffs' claim against Richards is not a separate and independent cause of action. Therefore, this case is not removable under 28 U.S.C. § 1441(c).

■ We also hold that Richards' claim that its joinder as a defendant is fraudulent is without merit. Plaintiffs have stated a valid claim against Richards.

Defendants have failed to meet their burden of showing that this court has jurisdiction. *Union Planters, supra*, at 90. It is, therefore, ORDERED that plaintiffs' motion to remand the case to the Circuit Court for Anderson County, Tennessee be, and the same hereby is, granted. It is further ORDERED that defendant Goodstein's motion to remove the entire case be, and the same hereby is, denied. It is further ORDERED that defendant Richards' motion to amend its petition for removal be, and the same hereby is, denied since the amendment would be futile.

Order accordingly.