Pearlie ASKEW, Plaintiff,

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and Unicare Life & Health Insurance Company, Defendants.

No. 16–cv–12130

United States District Court, E.D. Michigan, Southern Division.

Held November 5, 2016
Signed November 15, 2016

Alan S. Wittenberg, Lopatin & Wittenberg, Southfield, MI, for Plaintiff.

Chrisdon F. Rossi, The Rossi Law Firm PLLC, Bloomfield Hills, MI, Blaire Bruns

Johnson, Edison, Mcdowell & Hetherington LLP, Houston, TX, for Defendant

## ORDER REMANDING CASE TO WAYNE COUNTY CIRCUIT COURT

Honorable Gerald E. Rosen, United States District Judge

### I. INTRODUCTION

This matter is presently before the Court on the Response of Defendant UniCare Life & Health Insurance Company to the Court's Order to Show Cause which directed UniCare, the removing defendant, to show cause in writing why this case should not be remanded in its entirety to State court due to the failure of all defendants to join in removal. For the reasons stated below, the Court finds that UniCare has failed to establish that its removal was proper, and, therefore, the case will be remanded to the Wayne County Circuit Court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2016, Plaintiff Pearlie Askew, through counsel, filed a one-count Complaint in Wayne County Circuit Court against Metropolitan Property and Casualty Insurance Company ("Metropolitan") and UniCare Life & Health Insurance Company ("UniCare"). In her Complaint, Plaintiff alleges that she was injured in an automobile accident on March 4, 2011, and that "as a direct and proximate result" of this automobile accident, she "sustained serious injuries which necessitated medical treatment and resulted in [her] disabilities from normal daily routine, including work." [Complaint 4, 7]. Plaintiff further alleges that her injuries "qualify [her] for personal injury protection benefits, disability benefits, as well as uninsured motorist benefits" pursuant to the insurance policies issued by the Defendants, *id.* at 7–8, but Defendants have failed to provide her with

the benefits to which she is entitled. *id.* at 10.

Defendant UniCare, Plaintiff's disability insurer, timely removed Plaintiff's action to this Court, alleging federal question jurisdiction under 28 U.S.C. § 1331, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a) ("ERISA"). Defendant Metropolitan, Plaintiff's automobile insurer, however, did not join in and does not consent to removal of the action. *See* Notice of Removal, 11.

Relying on 28 U.S.C. § 1441(c), UniCare contends that Metropolitan's consent is not required and, therefore, Metropolitan's non-joinder/non-consent should not be deemed an impediment to removal.

28 U.S.C. § 1441(c) provides, in relevant part:

(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court, ... the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. *Only defendants against whom a claim described in (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).*

28 U.S.C. § 1441(c) (emphasis added).

In UniCare's view, Metropolitan's consent was not required because a federal ERISA claim is asserted against UniCare,

and only state law claims which UniCare believe are "not within the original or supplemental jurisdiction of the district court" are asserted against Metropolitan.

Upon its review of the Notice of Removal and Plaintiff's Complaint, the Court was not convinced that it did not have supplemental jurisdiction over Plaintiff's claim for benefits under the no-fault automobile insurance policy issued by Defendant Metropolitan. And, if the Court does have supplemental jurisdiction over the claims against Metropolitan, then UniCare was not entitled to remove this action from State court without Metropolitan's consent to removal. Therefore, the Court issued an Order to Show Cause directing Defendant UniCare to show cause in writing why this case should not be remanded to Wayne County Circuit Court.

UniCare has responded to the Show Cause Order. Having reviewed UniCare's Response the Court concludes that this case was improvidently removed from State Court without the consent of the co-defendant, Metropolitan.

## III. DISCUSSION

As set forth above, pursuant to 28 U.S.C. § 1441(c)(1), if a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States, and (B) "a claim not within the original or supplemental jurisdiction of the district court," the entire action may be removed. In such a case, only defendants against whom a federal claim has been asserted are required to join in or consent to removal. *Id.*, § 1441(c)(2).

Section 1441(c) was revised and reworded as part of the Federal Courts' Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, §§ 103(b), 104, 125 Stat. 758, 760, 762 (the "JVCA"), which took effect January 7, 2012. Under the wording of the prior statute and under long-standing case law, transactionally-unrelated claims were labeled "separate and independent."[1] Though under the revised statute, the terminology was eliminated, the requirement that federal and the state claims be shown to be "separate and independent" for purposes of removal under § 1441(c) survived the JVCA amendments intact. *See FDIC ex rel. Colonial Bank v. Banc of America Funding Corp*, 2013 WL 3968017 at * 2 (M.D. Ala. Aug. 1, 2013) (citing H.R. Rep. 112–10 at 12 (2011), 2011 U.S.C.C.A.N. 576.

It is well-established that a federal claim is not "separate and independent" if it "arises from the same loss or actionable wrong" as the nonremovable claim. *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir.1985) (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951)). That two contracts are involved does not necessarily mean that there are two separate and independent actions. *Anderson County, Tennessee v. Goodstein, Hahn, Shorr & Associates*, 535 F.Supp. 269, 271 (E.D. Tenn. 1982). Nor does the fact that the plaintiff pleads different theories against different defendants automatically make claims separate and independent. *Union Planters Nat. Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977).

§ 1441(c), of course, is limited to federal question cases joining unrelated or nonre-

---

1. Prior to the 2012 amendments, 28 U.S.C. § 1441(c) provided:

    (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-

    removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

movable claims. Where the non-federal claim is transactionally-related to the federal claim, the non-federal claim will fall within the federal court's supplemental jurisdiction. If the court has supplemental jurisdiction over the non-federal claim, the Rule of Unanimity applies and "all defendants properly joined and served must join in or consent to removal," 28 U.S.C. § 1446(b)(2)(A), and § 1441(c) is inapplicable.

■ Supplemental jurisdiction over state law claims exists when the state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Two claims are part of the same case or controversy if they "derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A loose factual connection between the claims is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir.1995) (internal citations omitted.)

■ Where, as here, plaintiff's state law claims arise out of the same factual events that gave rise to her ERISA claim for disability benefits an appropriate occasion is presented for the exercise of the Court's supplemental jurisdiction. *See Jamal v. Travelers*, 97 F.Supp.2d 800 (S.D. Tex. 2000); (claims under two policies are factually intertwined as both seek recovery for damages allegedly sustained as a result of the same event and similar conduct of the defendants); *Stay–N–Play Discovery School v. Alvarez*, 2006 WL 2947878 at *3 (E.D. La. Oct. 14, 2006) (finding sufficient factual connexity between Plaintiffs' federal flood insurance claim and their state law claim under homeowners' policy for wind and fire damage to support supplemental jurisdiction where both claims arose out of damages caused by Hurricane Katrina and the subsequent breach of levees).

As succinctly explained by the court in *Perret v. American Nat. Property and Cas.*, 2006 WL 3412267 (E.D. La. Nov. 27, 2006),

> While the causes of action arise out of different insurance contracts that cover different perils, the object of the litigation is one and the same, i.e. Plaintiffs' home. In this way, it would be inefficient and contrary to principles of judicial economy to litigate these causes of action in different venues.

*Id.* at *2.

Similarly, in this case, while there are two insurance contracts that cover different injuries (i.e., plaintiff's personal bodily injuries and her alleged resulting disability), they arise out of the same automobile accident. Further, as in *Perret*, there is but one "object" of this litigation: the Plaintiff. Under these circumstances, the Court concludes that supplemental jurisdiction exists over Plaintiff's state law claims. And, as Plaintiff's state law claims are within the supplemental jurisdiction of this Court, the exemption from the Rule of Unanimity provided in 28 U.S.C. § 1441(c) is inapplicable. Therefore, Defendant UniCare's removal of this case without the consent of its co-defendant, Metropolitan Property and Casualty Insurance Company, was improper.

### CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that this case, in its entirety, is REMANDED to the Wayne County Circuit Court.