**RIBELIN LOWELL & COMPANY INSURANCE BROKERS OF ALASKA, INC., Third–Party Plaintiff,**

v.

**The SHIPOWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION (LUXEMBOURG), Third–Party Defendant.**

**No. A04–0282 CV (RRB).**

United States District Court, D. Alaska.

April 14, 2005.

times both. All of them have worked hard for

---

### ORDER GRANTING MOTION TO REMAND

BEISTLINE, District Judge.

## I. INTRODUCTION

Before the Court is Defendant and Third–Party Plaintiff Ribelin Lowell & Company Insurance Brokers of Alaska, Inc. ("Ribelin") with a Motion for Order That Removal Attempt Was Ineffective and, In the Alternative to Remand (Docket No. 4). Ribelin argues Third–Party Defendants cannot remove state court actions to federal court pursuant to 28 U.S.C. § 1441(a). Third–Party Defendant Shipowners Mutual Protection and Indemnity Association (Luxembourg) ("Shipowners") opposes and argues removal is proper. Shipowners is incorrect.

## II. DISCUSSION

Whether third-party defendants in particular may remove pursuant to 28 U.S.C. § 1441(a) appears to be a matter of first impression. The Ninth Circuit has, how-

him.

ever, on occasion, indirectly addressed the issue.

 Federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute. *Yakama Indian Nation v. Wash. Dept. of Revenue,* 176 F.3d 1241, 1249 (9th Cir. 1999), *cert. denied,* 528 U.S. 1116, 120 S.Ct. 935, 145 L.Ed.2d 813 (2000). 28 U.S.C. § 1446(a) authorizes removal only by state court *defendants*[1]. Third-party defendants, therefore, who are brought into a state action by a state court defendant, may *not* exercise the right of removal to the federal court.

The Court is particularly persuaded by the Sixth Circuit's analysis of the matter in *First Nat. Bank of Pulaski v. Curry,* 301 F.3d 456, 463–64 (6th Cir.2002) ("third-party defendants may not remove to federal court"), and concludes that "third-party defendants are not 'defendants' for purposes of § 1441(a)." *Id.* at 462.

Even if Shipowners could remove to federal court, the Court further concludes Ribelin's claims against Shipowners are not "separate and independent" of the underlying claims in the state court action. Wherefore, removal would still be inappropriate. *See American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

## III. CONCLUSION

 For these reasons, and because courts must strictly construe the removal statutes against removal and must reject removal jurisdiction if there is any doubt as to whether the removal is proper, *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992), Ribelin's Motion to Remand (Docket No. 4) is hereby **GRANTED** and all remaining motions are **DENIED** as moot.

---

1. *Id.* at 1248 ("The right to remove a case from state to federal court is vested *exclusively* in the 'defendant or the defendants....' ") (emphasis added); *see also Ristuccia v.* *Adams,* 406 F.2d 1257, 1258 (9th Cir.1969), *cert. denied,* 396 U.S. 1, 90 S.Ct. 24, 24 L.Ed.2d 3 (1969).